

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOCKETED
SEP 1 9 2003

| | | |
|---|---|---|
| DAVID A. URBAN, | ) | JUDGE HOLDERMAN |
| | ) | |
| Plaintiff, | ) | No. **03C 6630** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MAGISTRATE JUDGE ASHMAN |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

FILED-EDS
03 SEP 18 PM 1: 46
CLERK
U.S. DISTRICT COURT

**COMPLAINT FOR TAX REFUND**

NOW COMES THE PLAINTIFF, DAVID A. URBAN (hereinafter referred to as "Plaintiff", "David", or "Urban") by and through his attorneys, **A.G. ORLOWSKY, LTD.**, and complains of the Defendant, **UNITED STATES OF AMERICA**, (hereinafter referred to as "United States" or "Defendant"), as follows:

1.   This is an action arising under the Internal Revenue laws of the United States for the recovery of tax penalties and related interest erroneously and illegally assessed and collected from plaintiff, David A. Urban.

2.   Jurisdiction in this Court is proper pursuant to 28 U.S.C. Sec. 1346 (a)(1) (Section 1346 (a)(1), Title 28, United States Code and 26 U.S.C. Sec. 7742 (Section 7422, Title 26, United States Code.

3.   Plaintiff is a citizen of the United States and of the state of Illinois, residing at 12130 Oak Tree Lane, Lemont, Illinois 60439.

4.   Defendant is the United States of America.



5.  On or about the dates set forth below, the Internal Revenue Service assessed penalties under Section 6672 of the Internal Revenue Code (26 U.S.C. Sec. 6672) against Plaintiff for unpaid employment taxes withheld from the wages of employees of All American Corporation (hereinafter referred to as "All American") for six (6) calendar quarters (hereinafter referred to collectively as "relevant quarters") in the following amounts:

| Date of Assessment | Quarter Ending | Amount |
|---|---|---|
| March 27, 2002 | September 30, 1991 | $340,296.01 |
| March 27, 2002 | December 31, 1991 | $151,809.51 |
| March 27, 2002 | March 31, 1992 | $ 30,000.00 |
| March 27, 2002 | December 31, 1992 | $ 99,999.98 |
| Unknown (appears combined with September 30, 1995 quarter) | June 30, 1995 | $ |
| March 28, 2000 | September 30, 1995 | $381,832.28 |

6.  On or about March 28, 2000 and March 27, 2002, the Internal Revenue Service served written notice on Plaintiff of the above assessments and demanded payment thereof.

7.  On or about January 12, 2003, and May 24, 2003, Plaintiff made five (5) separate payments of $100.00 each, each of which was greater than the income tax and Insurance Contributions Act amount withheld from one employee by All American during the relevant quarters.

8.  On or about January 12, 2003, and May 24, 2003, Plaintiff separately filed claims for refund with the Internal Revenue Service for $100.00 each, plus interest on such amounts as provided by law, for the amounts paid for the relevant quarters. True and correct copies of these claims for refund are attached hereto as Exhibits A through E.

9.  By notice of disallowance dated June 16, 2003, sent to Plaintiff by certified mail, the Internal Revenue Service notified Plaintiff that it had disallowed these claims for refund. A copy of this notice of disallowance is attached hereto as Exhibit F.

10.  Additionally, the Internal Revenue Service applied overpaid federal income taxes and a rebate in the following amounts, totaling $10,659.00:

| | |
|---|---|
| $4,918.00 | For tax period ending December 31, 1999 |
| $2,851.00 | For tax period ending December 31, 2000 |
| $2,290.00 | For tax period ending December 31, 2001 |
| $ 600.00 | For tax rebate applied on September 17, 2001 |

Copies of notices are attached hereto as Exhibits G through J.

11.  As grounds for recovery, Plaintiff hereby incorporates by reference the facts and grounds contained in each of Plaintiff's Written Protest to Proposed Tax Fund Recovery Penalty attached hereto as Exhibits K and L. As stated more fully therein and in Paragraphs 12 through 38 below, Plaintiff was not a person required to collect, truthfully account for, and pay over the withheld employment taxes of the employees of All American for the relevant quarters.  In addition, and in the alternative, Plaintiff did not willfully fail to collect such taxes or truthfully account for and pay over such taxes. Further, the penalties assessed for 1991 and 1992 were assessed outside the statute of limitations.

12.  All American was a commercial painting contractor.

13.  Plaintiff was employed by All American from 1985 though October, 1995 as head estimator and salesman, and spent much of his time working in the field.

14.   All American's president, Samy Hammad, (hereinafter "Hammad") is, upon information and belief, a certified public accountant. He was solely in charge of all of All American's accounting and financial functions.

15.   Plaintiff did not prepare, file, or calculate the Form 941 payroll tax returns.

16.   Plaintiff never reviewed or saw the Form 941 payroll tax returns. To date, Plaintiff has never seen the Form 941 payroll tax returns.

17.   Plaintiff never deposited payroll withholding funds with the Internal Revenue Service (IRS).

18.   Plaintiff was not responsible for payroll matters. He did not requisition, authorize, release or distribute payroll checks, nor maintain payroll records.

19.   Plaintiff had no responsibility for the financial decisions or policy of All American. He never prepared or reviewed a financial statement.

20.   Plaintiff did not open or close corporate bank accounts, or review statements from such accounts. He was not permitted to make deposits into corporate accounts.

21.   Plaintiff did not prepare or review federal or state income tax returns, or tax returns of any kind.

22.   Plaintiff had no knowledge that payroll taxes were unpaid until he was contacted by the IRS in 1999.

23.   At no time during or after his employment with All American did Plaintiff have authority to direct the payment of payroll taxes.

24.   Hammad determined All American's financial policy, determined what was paid and when it was paid, requisitioned all checks, determined when checks were released, distributed, and delivered.

25.   Hammad was solely responsible for preparing, filing, and calculating the Form 941 payroll tax returns.

26.   Hammad was solely responsible for depositing payroll withholding funds with the IRS.

27.   Hammad was solely responsible for requisitioning, authorizing, releasing, and distributing payroll checks, and for maintaining payroll records.

28.   Hammad was solely responsible for all financial decisions and policy of All American. He prepared or reviewed all financial statements.

29.   Hammad permitted no one but himself to open or close corporate bank accounts, or review statements from such accounts. He insisted that he make all deposits into corporate accounts.

30.   Hammad was solely responsible for preparing and reviewing federal and state income tax returns, or tax returns of any kind.

31.   Hammad was solely responsible for correspondence with any and all governmental agencies, all filings with such agencies, and for any discussions or agreements with governmental agencies.

32.   IRS agent MacKenzie requested a copy of a "Waiver Extending Statutory Period for Assessment of 100 Percent Penalty" (Form 2250) (hereinafter "Waiver") for Plaintiff with respect to the relevant quarters of 1991 and 1992. He received copies of Waivers allegedly signed by officers from Hammad's attorney, Michael Von Mandel, who, upon information and belief, retained the originals of all waivers.

33.   Plaintiff never signed the Waiver, and never saw it until he was shown it by Revenue Officer McKinzie.

34.  Upon information and belief, Plaintiff's former attorney received an extension for the relevant quarters of 1995 from the IRS to extend the period for filing a lawsuit in the Federal District Court or the Federal Court of Claims to the same period as that for the relevant quarters of 1991 and 1992, thereby permitting Plaintiff to file only one lawsuit.

35.  The assessment and collection of the above-described penalties under Section 6672 of the Internal Revenue Code was erroneous and illegal.

36.  Plaintiff is not subject to any tax penalties under Section 6672 of the Internal Revenue Code for the withheld employment taxes of All American for the relevant quarters and is entitled to a refund of all amounts collected from Plaintiff and applied against such penalties, plus interest thereon as provided by law.

37.  Plaintiff is the sole and absolute owner of these claims against the defendant and has made no transfer or assignment of any part thereof.

38.  Plaintiff hereby demands trial by jury.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the United States in the amount of Eleven Thousand One Hundred and Fifty-Nine Dollars (**$11,159.00**), or such other amount as may be legally refundable, plus interest as provided by law, and for Plaintiff's costs,

attorney's fees, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

One of the Attorneys for Plaintiff, David A. Urban

Alan G. Orlowsky
Patricia L. Deemer
A.G. ORLOWSKY, LTD.
630 Dundee Road, Suite 125
Northbrook, IL 60062
847/291-9771
Facsimile: 847/291-9774

# EXHIBIT A

**Form 843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | |
|---|---|
| Name of claimant **David A. Urban** | Your SSN or ITIN **358 38 2280** |
| Address (number, street, and room or suite no.) **12130 Oak Tree Lane** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code **Lemont, IL 60439** | Employer identification number (EIN) |
| Name and address shown on return if different from above **All America Corporation** | Daytime telephone number **( 630 )243-8233** |

**1** Period. Prepare a separate Form 843 for each tax period
From **7 / 1 / 1991** to **9 / 30 / 1991**

**2** Amount to be refunded or abated $ **340,296.01**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☐ Estate  ☐ Gift  ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☑ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ **N/A**

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached Explanation**

EXHIBIT
A

Signature. If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief it is true, correct, and complete.

*David A. Urban*  Date **5-24-03**
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Signature  Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.  Cat. No. 10180R  Form **843** (Rev. 11-2002)

# ATTACHED EXPLANATION

Trust Fund Penalty assessed under IRC section 6672, with regard to the above referenced employment tax returns filed by All American Corporation, should be abated because I have been erroneously assessed the penalty by IRS.

As IRS records will indicate, Revenue Officer, Mr. Strimling, stated in his appellate ruling that I was responsible for making sure the quarterly income tax returns of All American Corporation were properly prepared, filed and paid. It is my contention that I was not responsible for the payroll tax functions of said corporation. Upon further review of all data relative to this matter I believe IRS will determine that the facts hereof warrant abatement forthwith.

**EXHIBIT B**

FILE COPY

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Name of claimant | Your SSN or ITIN |
|---|---|
| David A. Urban | 358 : 38 : 2280 |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| 12130 Oak Tree Lane | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Lemont, IL 60439 | |
| Name and address shown on return if different from above | Daytime telephone number |
| All America Corporation | ( 630 ) 243-8233 |

**1** Period. Prepare a separate Form 843 for each tax period
From **10** / **1** / **1991** to **12** / **31** / **1991**

**2** Amount to be refunded or abated
$ **152,459.98**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶                                   **N/A**

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached Explanation**

EXHIBIT
B

Signature. If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)                Date **1-12-03**

Signature                                                                                              Date

 **ATTACHED EXPLANATION**

Trust Fund Penalty assessed under IRC section 6672, with regard to the above referenced employment tax returns filed by All American Corporation, should be abated because I have been erroneously assessed the penalty by IRS.

As IRS records will indicate, Revenue Officer, Mr. Strimling, stated in his appellate ruling that I was responsible for making sure the quarterly income tax returns of All American Corporation were properly prepared, filed and paid. It is my contention that I was not responsible for the payroll tax functions of said corporation. Upon further review of all data relative to this matter I believe IRS will determine that the facts hereof warrant abatement forthwith.

# EXHIBIT C

**FILE COPY**

| Form **843** (Rev. November 2002) Department of the Treasury Internal Revenue Service | **Claim for Refund and Request for Abatement** ▶ See separate instructions. | OMB No. 1545-0024 |
|---|---|---|

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not use Form 843 if your claim is for—**
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Type or print | | |
|---|---|---|
| Name of claimant **David A. Urban** | Your SSN or ITIN **358 ¦ 38 ¦ 2280** |
| Address (number, street, and room or suite no.) **12130 Oak Tree Lane** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code **Lemont, IL 60439** | Employer identification number (EIN) |
| Name and address shown on return if different from above **All America Corporation** | Daytime telephone number **( 630 ) 243-8233** |

| 1 | Period. Prepare a separate Form 843 for each tax period From **1 / 1 / 1992** to **3 / 31 / 1992** | 2 | Amount to be refunded or abated $ **30,128.48** |
|---|---|---|---|

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☑ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ **N/A**

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached Explanation**

**EXHIBIT**
**C**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date **1-12-03** |
|---|---|
| Signature | Date |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.     Cat. No. 10180R     Form **843** (Rev. 11-2002)

## ATTACHED EXPLANATION

Trust Fund Penalty assessed under IRC section 6672, with regard to the above referenced employment tax returns filed by All American Corporation, should be abated because I have been erroneously assessed the penalty by IRS.

As IRS records will indicate, Revenue Officer, Mr. Strimling, stated in his appellate ruling that I was responsible for making sure the quarterly income tax returns of All American Corporation were properly prepared, filed and paid. It is my contention that I was not responsible for the payroll tax functions of said corporation. Upon further review of all data relative to this matter I believe IRS will determine that the facts hereof warrant abatement forthwith.

# EXHIBIT D

**FILE COPY**

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

OMB No. 1545-0024

▶ See separate instructions.

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.
**Do not use Form 843 if your claim is for—**
• An overpayment of income taxes;
• A refund for nontaxable use (or sales) of fuel; or
• An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name of claimant<br>**David A. Urban** | Your SSN or ITIN<br>358 : 38 : 2280 |
| Address (number, street, and room or suite no.)<br>**12130 Oak Tree Lane** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Lemont, IL 60439** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**All America Corporation** | Daytime telephone number<br>( 630 ) 243-8233 |

**1** Period. Prepare a separate Form 843 for each tax period
From **10** / **1** / **1992** to **12** / **31** / **1992**

**2** Amount to be refunded or abated
$ **100,428.26**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☑ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶            **N/A**

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached Explanation**

**EXHIBIT**

**D**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)    Date **1-12-03**

Signature        Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

## ATTACHED EXPLANATION

Trust Fund Penalty assessed under IRC section 6672, with regard to the above referenced employment tax returns filed by All American Corporation, should be abated because I have been erroneously assessed the penalty by IRS.

As IRS records will indicate, Revenue Officer, Mr. Strimling, stated in his appellate ruling that I was responsible for making sure the quarterly income tax returns of All American Corporation were properly prepared, filed and paid. It is my contention that I was not responsible for the payroll tax functions of said corporation. Upon further review of all data relative to this matter I believe IRS will determine that the facts hereof warrant abatement forthwith.

# EXHIBIT E

# FILE COPY

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

**Do not use Form 843 if your claim is for—**
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Name of claimant **David A. Urban** | Your SSN or ITIN  358 : 38 : 2280 |
|---|---|
| Address (number, street, and room or suite no.) **12130 Oak Tree Lane** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code **Lemont, IL 60439** | Employer identification number (EIN) |
| Name and address shown on return if different from above **All America Corporation** | Daytime telephone number ( **630** ) **243-8233** |

**1** Period. Prepare a separate Form 843 for each tax period
From **7 / 1 / 1995** to **9 / 30 / 1995**

**2** Amount to be refunded or abated
$ **378,231.51**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☐ Estate  ☐ Gift  ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☑ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶  **N/A**

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached Explanation**



EXHIBIT
E

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)     Date **1-12-03**

Signature     Date

# ATTACHED EXPLANATION

Trust Fund Penalty assessed under IRC section 6672, with regard to the above referenced employment tax returns filed by All American Corporation, should be abated because I have been erroneously assessed the penalty by IRS.

As IRS records will indicate, Revenue Officer, Mr. Strimling, stated in his appellate ruling that I was responsible for making sure the quarterly income tax returns of All American Corporation were properly prepared, filed and paid. It is my contention that I was not responsible for the payroll tax functions of said corporation. Upon further review of all data relative to this matter I believe IRS will determine that the facts hereof warrant abatement forthwith.

# EXHIBIT F



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**Washington, D.C. 20224**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

| | |
|---|---|
| EMPLOYEE NAME: | M. Ganser |
| EMPLOYEE BADGE NUMBER: | 36-08965 |
| EMPLOYEE SYMBOLS: | S:C:CS:CM:TT:7:1 |
| PHONE: | (312) 566-2896 |
| FAX: | (312) 566-2825 |
| DATE: | JUN 1 6 2003 |

Mr. Alan G. Orlowsky
630 Dundee Road, Suite 125
Northbrook, Illinois 60062

CERTIFIED MAIL

Re: Form 843, Claim, for David A. Urban

Dear Mr. Orlowsky:

We have considered your request for a refund of $400.00 and abatement of $622,105.80 assessed against your client for the tax periods ended September 30, 1991, December 31, 1991, March 31, 1992, and December 31, 1992. We assessed this amount under Internal Revenue Code (IRC) section 6672 because All American Corporation did not pay the Federal employment taxes due for these tax periods. The assessment was made on the basis of facts ascertained during our investigation. Your claim produced no information or evidence to support a change in the original assessment and the decision of the Appeals Office was to sustain the assessment. Therefore, no consideration may be given to your claim. This is your legal notice that your claim for refund and abatement is disallowed.

If you wish to bring suit or proceedings for recovery of any tax, penalties, and other monies that were paid and for which this notice of disallowance is issued, you may do so by filing such a suit with the United States District Court having jurisdiction or the United States Court of Federal Claims. The law permits you to do so within two years of the mailing date of this letter.

For any unpaid section 6672 liability that arises from periods beginning or transactions occurring after December 31, 1998, the Internal Revenue Service is required to suspend most of its otherwise allowable collection activities if you file a proper lawsuit seeking a refund with respect to your disallowed refund claim or the section 6672 liability. While the Internal Revenue Service is prohibited from collecting the unpaid portion of the liability by levy, the limitation period for the Internal Revenue Service to collect the liability is also suspended, pursuant to IRC section 6331(i)(5).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

Annette M. Jones
Territory Manager, Technical Services
Area 7, Territory West



EXHIBIT
F



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**Washington, D.C. 20224**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

| | |
|---|---|
| EMPLOYEE NAME: | M. Ganser |
| EMPLOYEE BADGE NUMBER: | 36-08965 |
| EMPLOYEE SYMBOLS: | S:C:CS:CM:TT:7:1 |
| PHONE: | (312) 566-2896 |
| FAX: | (312) 566-2825 |
| DATE: | JUN 1 6 2003 |

Mr. Alan G. Orlowsky
630 Dundee Road, Suite 125
Northbrook, Illinois 60062

CERTIFIED MAIL

Re: Form 843, Claim, for David A. Urban

Dear Mr. Orlowsky:

We have received your claim for refund of $5,741.00 and abatement of $381,832.28 assessed against your client for the tax periods ended June 30, 1995 and September 30, 1995. We assessed this amount under Internal Revenue Code (IRC) section 6672 because All American Corporation did not pay the Federal employment taxes due for these tax periods.

Our records indicate that your client filed a previous Form 843, Claim, with the Service for the June and September, 1995 quarters. We have attached a copy of the rejection letter that was sent to Mr. Urban on December 29, 2000 in response to that claim. As the letter indicated, we invited Mr. Urban to file a refund suit within two years from the mailing date of that letter. Consequently, we cannot give further consideration to your claim.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

Catherine B. Harris
Manager, Technical Services (Collection)
Area 7, Territory-West, Group 1

Internal Revenue Service

Department of the Treasury
230 South Dearborn Street,  Stop 5012
Chicago, Illinois 60604

David A. Urban
12130 Oak Tree Lane
Lemont, Illinois 60439

Person to contact:  D. Stover

Telephone Number: (312) 566-2910

Refer Reply to: TSS:CP:Area 7:DS
                        ID: 36-05121

Date:
DEC 2 9 2000

CERTIFIED MAIL

Dear Mr. Urban:

We have reviewed your Form 843, Claim, for refund and abatement of the trust fund recovery penalty assessed against you under the provisions of Internal Revenue Code Section 6672 because All American Corporation did not pay the Federal Employment taxes for the periods ending June 30, 1995 and September 30, 1995.

Our records show the assessment was made on the basis of facts ascertained during our investigation of the matter.  Your claim provided no information or evidence to support a change in the original assessment and the decision of the Appeals Division was to sustain that assessment.  No consideration may, therefore, be given to your claim.  This letter is your legal notice that the claim is disallowed.

If you wish to bring suit or proceedings for recovery of any tax, penalties or other monies for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction or the United States Court of Federal Claims.  The law permits you to do this within two years from the mailing date of this letter.

If you have any questions, please contact the person whose name, address and telephone number are shown above.

Very truly yours,

Dave Jacoby
Acting Chief, Technical Support Section
Compliance Policy, Area 7

**EXHIBIT G**



**Department of the Treasury**
**Internal Revenue Service**
KANSAS CITY, MO 64999

| | |
|---|---|
| Date of this notice: | APR. 3, 2000 |
| Taxpayer Identifying Number | 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 |
| Form: 1040 | Tax Period: DEC. 31, 1999 |

For assistance you may
call us at:

1-800-829-8815

CALLER ID: 310385

DAVID & JOANNE URBAN
12130 OAK TREE LN
LEMONT IL 60439-6777308

### OVERPAID TAX APPLIED TO OTHER TAXES YOU OWE

WE APPLIED $4,918.00 OF THE OVERPAID TAX ON YOUR 1999 TAX RETURN TO THE UNPAID BALANCE OF OTHER FEDERAL TAXES WHICH OUR RECORDS SHOW YOU OWE.

YOU MAY STILL BE DUE A REFUND IF WE APPLIED ONLY PART OF YOUR OVERPAYMENT TO OTHER TAXES. YOU ALSO MAY BE DUE A REFUND IF YOU RECENTLY MADE A PAYMENT AGAINST THE OTHER TAXES THAT WE HAD NOT CREDITED WHEN WE APPLIED YOUR OVERPAYMENT. IN EITHER CASE, YOU WILL RECEIVE A CHECK FOR ANY REFUND DUE YOU AS LONG AS THE AMOUNT IS GREATER THAN ONE DOLLAR. YOU MUST REQUEST A REFUND OF LESS THAN ONE DOLLAR. IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

THE FIGURES BELOW SHOW OUR CALCULATION:

#### HOW WE APPLIED YOUR OVERPAYMENT

| | |
|---|---|
| AMOUNT OF OVERPAID TAX ON YOUR RETURN............ | $4,918.00 |
| AMOUNT OF INTEREST YOU EARNED ON OVERPAYMENT..... | $.00 |
| TOTAL AMOUNT DUE YOU............................. | $4,918.00 |
| TOTAL AMOUNT APPLIED............................. | $4,918.00 |
| AMOUNT YOU WILL RECEIVE AS A REFUND............. (ANY INTEREST DUE YOU WILL BE ADDED) | $.00 |

#### WHERE WE APPLIED YOUR OVERPAYMENT

| FORM(S) | TAX PERIOD(S) | AMOUNT(S) APPLIED |
|---|---|---|
| CVL PEN | SEP. 30, 1995 | $4,918.00 |

N THIS PART TO US WITH YOUR CHECK OR INQUIRY
TELEPHONE NUMBER      BEST TIME TO CALL

358382280 QN 0000 30 0 199912

INTERNAL REVENUE SERVICE
KANSAS CITY, MO 64999

DAVID & JOANNE URBAN
12130 OAK TREE LN
LEMONT IL 60439-6777308



**EXHIBIT**
**G**

2                76221-075-27666-0

# EXHIBIT H



Department of the Treasury
**Internal Revenue Service**
KANSAS CITY, MO 64999

Date of this notice:      APR. 30, 2001
Taxpayer Identifying Number        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
Form: 1040        Tax Period:   DEC. 31, 2000

For assistance you may
call us at:

**1-800-829-8815**

CALLER ID:  198486

DAVID URBAN
12130 OAK TREE LN
LEMONT IL   60439-6777308

FOR ACCOUNT OF DAVID & JOANNE URBAN
OVERPAID TAX APPLIED TO OTHER TAXES YOU OWE

WE APPLIED       $2,851.00 OF THE OVERPAID TAX ON YOUR 2000 TAX RETURN TO THE
UNPAID BALANCE OF OTHER FEDERAL TAXES WHICH OUR RECORDS SHOW YOU OWE.

YOU MAY STILL BE DUE A REFUND IF WE APPLIED ONLY PART OF YOUR OVERPAYMENT TO
OTHER TAXES.  YOU ALSO MAY BE DUE A REFUND IF YOU RECENTLY MADE A PAYMENT AGAINST
THE OTHER TAXES THAT WE HAD NOT CREDITED WHEN WE APPLIED YOUR OVERPAYMENT.  IN
EITHER CASE, YOU WILL RECEIVE A CHECK FOR ANY REFUND DUE YOU AS LONG AS THE AMOUNT
IS GREATER THAN ONE DOLLAR.  YOU MUST REQUEST A REFUND OF LESS THAN ONE DOLLAR.
IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

THE FIGURES BELOW SHOW OUR CALCULATION:

HOW WE APPLIED YOUR OVERPAYMENT

AMOUNT OF OVERPAID TAX ON YOUR RETURN............    $2,851.00
AMOUNT OF INTEREST YOU EARNED ON OVERPAYMENT.....        $.00
TOTAL AMOUNT DUE YOU.............................    $2,851.00
TOTAL AMOUNT APPLIED.............................    $2,851.00

AMOUNT YOU WILL RECEIVE AS A REFUND..............        $.00
(ANY INTEREST DUE YOU WILL BE ADDED)

WHERE WE APPLIED YOUR OVERPAYMENT

FORM(S)       TAX PERIOD(S)      AMOUNT(S) APPLIED
CVL PEN       SEP. 30, 1995          $2,851.00

WE WANTED TO ENSURE THAT BOTH YOU AND YOUR SPOUSE RECEIVE THIS NOTICE, SO
WE'VE SENT A COPY TO EACH OF YOU.  EACH COPY CONTAINS THE SAME INFORMATION
RELATED TO YOUR JOINT ACCOUNT.  ANY AMOUNT YOU OWE OR BALANCE DUE SHOWN
SHOULD BE PAID ONLY ONCE.  WE WILL ISSUE ANY REFUND SHOWN ONLY ONCE.



EXHIBIT

H

# EXHIBIT I



**Department of the Treasury**
**Internal Revenue Service**
**KANSAS CITY, MO   64999-0025**

Date of this notice:          MAY   6, 2002
Taxpayer Identifying Number          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
Form:   1040       Tax Period:   DEC. 31, 2001

For assistance you may
call us at:

**1-800-829-8815**

**CALLER ID:   348347**

llılıldıllıll..ıllldılıl..ıllıldıllı...ıllıll.ıllll.l

DAVID   URBAN
12130 OAK TREE LN
LEMONT  IL   60439-6777308

                    FOR ACCOUNT OF DAVID & JOANNE URBAN
              OVERPAID TAX APPLIED TO OTHER TAXES YOU OWE

     WE APPLIED     $2,290.00 OF THE OVERPAID TAX ON YOUR 2001 TAX RETURN TO THE
UNPAID BALANCE OF OTHER FEDERAL TAXES WHICH OUR RECORDS SHOW YOU OWE.

     YOU MAY STILL BE DUE A REFUND IF WE APPLIED ONLY PART OF YOUR OVERPAYMENT TO
OTHER TAXES.  YOU ALSO MAY BE DUE A REFUND IF YOU RECENTLY MADE A PAYMENT AGAINST
THE OTHER TAXES THAT WE HAD NOT CREDITED WHEN WE APPLIED YOUR OVERPAYMENT.  IN
EITHER CASE, YOU WILL RECEIVE A CHECK FOR ANY REFUND DUE YOU AS LONG AS THE AMOUNT
IS GREATER THAN ONE DOLLAR.  YOU MUST REQUEST A REFUND OF LESS THAN ONE DOLLAR.
IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

     THE FIGURES BELOW SHOW OUR CALCULATION:

              HOW WE APPLIED YOUR OVERPAYMENT

     AMOUNT OF OVERPAID TAX ON YOUR RETURN...........     $2,290.00
     AMOUNT OF INTEREST YOU EARNED ON OVERPAYMENT.....          $.00
     TOTAL AMOUNT DUE YOU.............................     $2,290.00
     TOTAL AMOUNT APPLIED............................     $2,290.00

     AMOUNT YOU WILL RECEIVE AS A REFUND.............          $.00
     (ANY INTEREST DUE YOU WILL BE ADDED)

              WHERE WE APPLIED YOUR OVERPAYMENT

  FORM(S)        TAX PERIOD(S)      AMOUNT(S) APPLIED
  CVL PEN        SEP. 30, 1995         $2,290.00

     WE WANTED TO ENSURE THAT BOTH YOU AND YOUR SPOUSE RECEIVE THIS NOTICE, SO
WE'VE SENT A COPY TO EACH OF YOU.  EACH COPY CONTAINS THE SAME INFORMATION
RELATED TO YOUR JOINT ACCOUNT.  ANY AMOUNT YOU OWE OR BALANCE DUE SHOWN
SHOULD BE PAID ONLY ONCE.  WE WILL ISSUE ANY REFUND SHOWN ONLY ONCE.

**EXHIBIT**
I

Case: 1:03-cv-06630 Document #: 1 Filed: 09/18/03 Page 33 of 100 PageID #:33

KANSAS CITY SERVICE CENTER          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                    TAX PERIOD:  DEC. 31, 2001

—

—

—

RN THIS PART TO US WITH YOUR CHECK OR INQUIRY
 TELEPHONE NUMBER        BEST TIME TO CALL
)    -

217                      09221-105-25811-2

       INTERNAL REVENUE SERVICE              DAVID  URBAN
       KANSAS CITY,  MO   64999-0025         12130 OAK TREE LN
                                            LEMONT  IL   60439-6777308

       |.|l..l..ll.l..ll.l..l..ll.l

 58382280 0N 0000 30 0 200112

# EXHIBIT J

```
\GE NO-0001                                    IRS EMPLOYEE 1053442086

\TE REQUESTED 11-21-2002                      PRINT DATE 11-22-2002

JRM NUMBER: CIVIL PN                          TAX PERIOD: SEPT 1995

            TAXPAYER IDENTIFICATION NUMBER: 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

     DAVID URBAN

                        -     -            BODC-WI BODCLC-

 - ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

     ACCOUNT BALANCE:         375,973.51
     ACCRUED INTEREST:         81,418.33    AS OF 10-21-2002
     ACCRUED PENALTY:              0.00     AS OF 10-21-2002

     ACCOUNT BALANCE
        PLUS ACCRUALS:        457,391.84


     RETURN NOT PRESENT FOR THIS ACCOUNT

                        TRANSACTIONS

                                                    MONEY AMOUNT
 )E          EXPLANATION                DATE       (IF APPLICABLE)
 O  QUICK ASSESSMENT                 02-04-2000        381,832.28
    09251-035-12500-0
    IRC 6672 - TRUST FUND RECOVERY PENALTY
 O  QUICK ASSESSMENT                 02-04-2000              0.00
    09251-035-12500-0
 6  INTEREST ASSESSED                03-27-2000          4,364.23
    200011
 6  OVERPAID CREDIT APPLIED          04-03-2000          4,918.00-
    1040        199912
 1  OVERPAID CREDIT REVERSED         04-03-2000            404.00
    1040        199912
 5  OVERPAID CREDIT APPLIED          04-15-2001          2,851.00-
    1040        200012
 5  OVERPAID CREDIT APPLIED          09-17-2001            600.00-
    1040        200012
 ?  FEDERAL TAX LIEN                 12-14-2001
 )  FEES AND COLLECTION COSTS        01-07-2002             32.00
 )  OVERPAID CREDIT APPLIED          04-15-2002          2,290.00-
    1040        200112
```

EXHIBIT

J

GE NO-0001                                                IRS EMPLOYEE 1053442086

TE REQUESTED 11-21-2002                           PRINT DATE 11-22-2002

RM NUMBER: CIVIL PN                                 TAX PERIOD: DEC  1992

TAXPAYER IDENTIFICATION NUMBER:  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

DAVID URBAN

                              —   —            BODC-WI BODCLC-

- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

      ACCOUNT BALANCE:          100,428.26
      ACCRUED INTEREST:           3,049.73    AS OF 10-21-2002
      ACCRUED PENALTY:              0.00     AS OF 10-21-2002

      ACCOUNT BALANCE
        PLUS ACCRUALS:          103,477.99


      RETURN NOT PRESENT FOR THIS ACCOUNT

                              TRANSACTIONS
                                                       MONEY AMOUNT
)E              EXPLANATION                   DATE     (IF APPLICABLE)
.O PROMPT ASSESSMENT                      03-27-2002         99,999.98
    36251-086-14911-2
    IRC 6672 - TRUST FUND RECOVERY PENALTY
O PROMPT ASSESSMENT                       03-27-2002              0.00
    36251-086-14911-2
6 INTEREST ASSESSED                       04-22-2002            428.28
    200215

E NO-0001                                          IRS EMPLOYEE 1053442086

E REQUESTED 11-21-2002                             PRINT DATE 11-22-2002

M NUMBER: CIVIL PN                                 TAX PERIOD: MAR  1992

           TAXPAYER IDENTIFICATION NUMBER: 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

     DAVID URBAN

                        —    —             BODC-WI BODCLC-

ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT  — —

   ACCOUNT BALANCE:           30,128.48
   ACCRUED INTEREST:             914.92    AS OF 10-21-2002
   ACCRUED PENALTY:               0.00     AS OF 10-21-2002

ACCOUNT BALANCE
     PLUS ACCRUALS:            31,043.40


RETURN NOT PRESENT FOR THIS ACCOUNT

                        TRANSACTIONS
                                                   MONEY AMOUNT
E              EXPLANATION               DATE      (IF APPLICABLE)
) PROMPT ASSESSMENT                   03-27-2002       30,000.00
  36251-086-14910-2
  IRC 6672 - TRUST FUND RECOVERY PENALTY
) PROMPT ASSESSMENT                   03-27-2002            0.00
  36251-086-14910-2
5 INTEREST ASSESSED                   04-22-2002          128.48
  200215

```
GE NO-0001                                    IRS EMPLOYEE 1053442086

TE REQUESTED 11-21-2002                       PRINT DATE 11-22-2002

RM NUMBER: CIVIL PN                           TAX PERIOD: DEC  1991

         TAXPAYER IDENTIFICATION NUMBER: 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

    DAVID URBAN

                        -    -         BODC-WI BODCLC-

- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

    ACCOUNT BALANCE:         152,459.98
    ACCRUED INTEREST:          4,629.80   AS OF 10-21-2002
    ACCRUED PENALTY:               0.00   AS OF 10-21-2002

    ACCOUNT BALANCE
       PLUS ACCRUALS:        157,089.78


    RETURN NOT PRESENT FOR THIS ACCOUNT

                        TRANSACTIONS
                                                 MONEY AMOUNT
 E        EXPLANATION               DATE      (IF APPLICABLE)
 O PROMPT ASSESSMENT              03-27-2002        151,809.81
   36251-086-14909-2
   IRC 6672 - TRUST FUND RECOVERY PENALTY
 O PROMPT ASSESSMENT              03-27-2002              0.00
   36251-086-14909-2
 6 INTEREST ASSESSED             04-22-2002            650.17
   200215
```

GE NO-0001                                          IRS EMPLOYEE 1053442086

TE REQUESTED 11-21-2002                        PRINT DATE 11-22-2002

RM NUMBER: CIVIL PN                            TAX PERIOD: SEPT 1991

                TAXPAYER IDENTIFICATION NUMBER: 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

      DAVID URBAN

                              -    -        BODC-WI BODCLC-

- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

      ACCOUNT BALANCE:          341,753.42
      ACCRUED INTEREST:          10,378.13    AS OF 10-21-2002
      ACCRUED PENALTY:               0.00    AS OF 10-21-2002

      ACCOUNT BALANCE
         PLUS ACCRUALS:         352,131.55


      RETURN NOT PRESENT FOR THIS ACCOUNT

                         TRANSACTIONS
                                                    MONEY AMOUNT
DE              EXPLANATION                 DATE    (IF APPLICABLE)
O PROMPT ASSESSMENT                     03-27-2002      340,296.01
   36251-086-14908-2
   IRC 6672 - TRUST FUND RECOVERY PENALTY
O PROMPT ASSESSMENT                     03-27-2002            0.00
   36251-086-14908-2
6 INTEREST ASSESSED                     04-22-2002        1,457.41
   200215

# EXHIBIT K

## WRITTEN PROTEST TO PROPOSED TRUST FUND RECOVERY PENALTY

1.  **REQUEST FOR HEARING:**

    David A. Urban hereby requests a hearing on the proposed Trust Fund Recovery Penalty under IRC § 6672.

2.  **TAXPAYER NAME AND ADDRESS:**

    David A. Urban
    12130 Oak Tree Lane
    Lemont, Illinois 60439

    SSN: 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

3.  **LETTER TO WHICH RESPONDING:**

    Response to Letter 1153(DO), dated April 5, 2000. A copy of this letter is attached hereto as Exhibit A.

4.  **TAX PERIOD INVOLVED:**

    | 09/30/1991 | 12/31/1991 |
    |------------|------------|
    | 03/31/1992 | 12/31/1992 |

5.  **ISSUES CONTESTED**

    David A. Urban contests the assessment of this Trust Fund Recovery Penalty on the grounds that the Statute of Limitations for Assessment has expired. Mr. Urban further contests the validity of a Waiver Extending Statutory Period for Assessment of 100 Percent Penalty purportedly executed by him extending the statutory period to April 15, 2000.



Further, David A. Urban contests his responsibility and willfulness for a Trust Fund Recovery Penalty for All American Corporation.

6. **STATEMENT OF FACTS:**

Attached as Exhibit B is a copy of a "Waiver Extending Statutory Period for Assessment of 100 Percent Penalty" purportedly executed by David A. Urban, the taxpayer. Mr. Urban did not sign this Waiver. Mr. Urban did not authorize any other person to sign this Waiver on his behalf. Attached as Exhibit C is an Affidavit executed by Mr. Urban, which further refutes the authenticity of this Waiver. Attached as Exhibits D through O are twelve separate affidavits from co-workers, and family members familiar with Mr. Urban's signature. It is the opinion of each of these individuals that Mr. Urban did not sign the Waiver.

There was a similar Waiver for another individual that was an employee of All American Corporation. When shown this Waiver, this former employee informed Revenue Officer McKinzie, the revenue officer investigating this matter, that the signature on the Waiver was not his and that he never signed such a Waiver. Revenue Officer McKinzie accepted this and did not make an assessment of a Trust Fund Recovery Penalty against this individual.

The returns of All American Corporation that are the subject of this proposed assessment were filed in 1991, 1992 and 1993. The last of these returns was filed in 1993. The tax for these returns was assessed in 1992 and 1993. This information is shown on the Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, which is a part of Exhibit A.

2

David A. Urban was an employee and shareholder of All American Corporation (the "Corporation") from the beginning of the corporation until October of 1995. Mr. Urban was also a director of the corporation during his time of employment. He was removed as a director of the Corporation at a meeting of the Corporation's shareholders on November 1, 1995.

The Corporation was engaged in the business of painting and decorating. Mr. Urban's position in the Corporation was as an estimator and project manager. Mr. Urban would contact potential customers who needed painting and decorating work done. He would estimate the cost and would submit a bid based on his estimate. If the bid was successful, Mr. Urban would act as the project manager for that project. He would direct the painters and was responsible for obtaining the necessary paint and/or wall coverings.

While he was employed by the Corporation, Mr. Urban was authorized as a cosigner for the Corporation's checking account. He was not authorized to sign checks alone but only with another authorized individual. Other employees were authorized to sign checks under their own name. As the time he was employed, Mr. Urban believed that two signatures were required on all checks. He later came to find out that the Corporation's president, Samy Hammad could sign corporate checks solely, i.e. no cosigner was required when he signed one of the Corporation's checks. The few checks that Mr. Urban signed during his time at the Corporation were prepared by someone else and had already been signed by Mr. Hammad.

As for payroll taxes owed to the Internal Revenue Service, Mr. Urban did not prepare payroll reports or returns. He was not responsible for this aspect of the Corporation's business. He was never informed by Mr. Hammad or anyone else employed by the Corporation whether or

not payroll taxes were being paid or whether payroll returns were being timely filed. Any checks signed by Mr. Urban had already been signed by Mr. Hammad. He signed the checks when he was directed to do so. Mr. Hammad was the owner of 51% of the Corporation's stock, in addition to being the Corporation's president and a director. It is Mr. Urban's opinion that Mr. Hammad was responsible for the preparation of the payroll tax returns and the payment of payroll returns. In addition, Mr. Hammad made all decisions regarding what liabilities the Corporation's paid and when they were paid.

Attached as Exhibit P is an Affidavit from Thomas Mertens a certified public accountant who did yearly audits for All American Corporation when it was operating. Mr. Mertens states that Samy Hammad made all financial decisions for All American Corporation. Mr. Mertens also states that in his opinion based on his acquaintance with David Urban, he does not believe Mr. Urban signed the Waiver Extending Statutory Period for Assessment of 100% Penalty.

7.  **STATEMENT OF LAW:**

IRC § 6672(3) provides the Statute of Limitations for assessment of the penalty under that section of the Internal Revenue Code. This section states that the notice with respect to any penalty must be mailed "before the expiration of the period provided in section 6501 for the assessment of such penalty." IRC §6501 provides that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." There are certain exceptions to this rule but none of those exceptions apply here.

4

Without a valid Waiver of the Statutory Period, the time for Assessment of the Trust Fund Recovery Penalty under IRC §6672 has passed and this proposed assessment is not allowable under the law.

Further, IRC § 6672 provides statutory authority for imposing a trust fund recovery penalty on "any person required to collect, truthfully account for, and pay over collected taxes" who willfully fails to collect such tax or willfully attempts in any manner to evade or defeat such tax or payment thereof. Generally, two conditions must be met in order to assess and collect the trust fund recovery penalty:

    1.    The taxpayer must be a responsible person, and-

    2.    The taxpayer's conduct must be willful.

IRC § 6671 defines the term person as anyone under a duty to perform. IRC § 6671(b), defines the term "person" to include "an officer or employee of the corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs".

The cases have established that this definition encompasses anyone who has all or any part of the decision as to which liabilities will be paid and which will not be paid and when such liabilities will be paid. In the instant case the facts do not establish that David A. Urban was a responsible person within the meaning of IRC § 6671 and § 6672. He had no control over what was to be paid by the corporation.

The Court of Appeals for the Seventh Circuit has stated:

> "The key to liability under § 6672 is control of finances within the employer corporation: the power to control the decision-making process by which the employer corporation allocates funds to other credit in preference to its withholding tax obligations." Haffa v. U.S., 516 F. 2d 931, 936.

In the case of United States v. Lumetta 73-1 USTC 9386 (E.D. Mo. 1973), which was cited in Haffa, id. the defendant was a director and officer of the employer corporation during the tax quarters in question, but was found not to have had sufficient control of financial decision-making to be liable under Section 6672. Although the defendant in Lumetta was authorized to sign checks of the corporation and was a required cosignor of all checks over $500, the court found that such checks were always presented to him by others and that he "made no determination as to which creditors would be paid or as to when the checks would be issued, *** nor did he possess any legal or actual power to exercise general policy or fiscal control to the extent he would be, or was, responsible for the corporation's failure to remit its payroll taxes.

In another "6672" case, the United States Court of Appeals for the Seventh Circuit, Monday v. U.S., 70-1 USTC 9205 stated: "Corporate office does not, per se, impose a duty to collect and pay over withheld taxes." David A. Urban never had authority to pay withholding taxes. He never had a duty to pay such taxes.

It is clear from the facts that David A. Urban was not in control of the corporate finances. The decision-making process rested with Samy Hammad. As a mere titular director of the

6

corporation, David A. Urban may not be held liable for liabilities due from the corporation. Raymond E. Coeture, 74-2 USTC 9705.

The second element required for liability is willfulness. The word "willfully" as used in IRC 6672 does not signify an act done with fraudulent or evil purposes, but merely knowingly and intentionally disregarding the statutory provision. The court in Monday v. United States, 421 F. 2d 1210 (7th Cir. 1970) defined willfulness as follows: 'An act is willful if it is voluntary, conscious, and intentional.' A responsible person acted willfully if he 'knowingly used available funds to prefer other creditors over' the Internal Revenue Service. 421 F.2d at 1216.

In Slodov vs. United States, 436 U.S. 238, 254, 98 S.Ct. 1778, 1788, 56 L.Ed. 2d 251 (1978), the Supreme Court observed that "[t]he fact that the provision imposes a 'penalty' and is violated only by a 'willful failure' is itself strong evidence that it was not intended to impose liability without personal fault."

The Court of Claims in Feist v. Unites States, 607 F. 2d 954 962 (Ct.Cl. 1979), followed Monday, supra, but expanded the definition of willfulness by stating: Personal fault being a necessary element of willfulness, relevant evidence bearing on the element of personal fault may not be ignored. If a person lacks knowledge that withheld taxes were not being paid over, he can defend against willfulness unless he/she recklessly disregarded obvious or known risks. R.I. Kalb, (2d Cir. 1974), 74-2 U.S.T.C. 9760. See also M. Fried, (D.C.) 68-1 U.S.T.C. 9372; Rimby v. United States, 42 A.F.T.R. 2d 5814 (7th Cir. 1978); Mazo v. United States, 591 F.2d 1151 (5th Cir. 1979). In the instant case, David A. Urban did not become aware of the liability until well after he was ousted as an employee and director of the Corporation.

Mere negligence is not sufficient proof of willfulness. Bauer v. United States, 543 F.2d 142 (7th Cir., Ill., 1976), Kalb v. United States, 505 F.2d 506 (2nd Cir. 1975). Dudley v. United States, 428 F. 2d 1192 (9th Cir. 1970). Willfulness can be proven by showing that the responsible person recklessly disregarded his duty to collect, account for, and pay over the trust fund taxes or by showing that the person ignored known risks that the taxes might not be remitted. Brown v. United States, 541 F2d 1136 (5th Cir. 1979). The other side of this rule is that absence of negligence can be proven by an affirmative showing that the responsible person did not disregard his duties and that he undertook all reasonable efforts to see that such taxes would in fact be paid. In circumstances where the employer had the means of payment and could reasonably be expected to pay, as in this case, David A. Urban certainly cannot be said to have been reckless. It is clear from the facts that he was not willful.

8. **CONCLUSION**

David A. Urban did not sign a Waiver Extending Statutory Period for Assessment of 100 Percent Penalty. The Waiver that was produced by the Government for Mr. Urban was signed by someone else without his permission. Mr. Urban did not sign any other such Waiver. Because no Waiver was signed by Mr. Urban, the Statute of Limitations for Assessment has expired. This proposed assessment is not permissible.

Even if we ignore the above and assume there was a Waiver, David A. Urban still should not be assessed this Penalty. He was not responsible for the payment of the payroll taxes or any other taxes for All American Corporation. He never signed payroll checks, payroll tax returns or payroll tax checks. He did not have knowledge that the responsible corporate officer, Samy Hammad, was not paying the corporation's payroll tax liability. This means that Mr. Urban

8

was not willful either. Because was neither a responsible person nor willful in the failure to pay the payroll tax, the Trust Fund Recovery Penalty should not be assessed against him.

9. **VERIFICATION**

NOW COMES WILLIAM F. MARUTZKY and JOHN F. JACOBS, the attorneys for David A. Urban, and states that statements of fact contained herein are made on information and belief and are true and correct to the best of their knowledge.

An executed copy of IRS Form 2848, **Power of Attorney,** is enclosed to authorize this representation.

David A. Urban

By: _____

      WILLIAM F. MARUTZKY
      JOHN F. JACOBS
      Authorized Power of Attorney
      16th Floor
      175 West Jackson Blvd.
      Chicago, Illinois 60604-2827
      (312) 540-7000

ternal Revenue Service
strict Director

Department of the Treasury

Date of This Letter: April 05, 2000

Person to Contact: A.Mckinzie

REC'D. FILE _____

APR 7 3 2000

MARUTZKY

IRS Contact Address:
230 S. Dearborn DPN 51-15
Chicago, IL 60604
Attn: A.Mckinzie
IRS Telephone Number:
(312) 566-3038
Employer Identification Number:
36-3377317

AVID URBAN
2130 OAK TREE LANE
MONT, IL 60439-6777

Business Name and Address:
ALL AMERICAN CORPORATION
4500 WEST ARMITAGE
CHICAGO, IL 60639-0000

The business named above owes Federal taxes described in the enclosed
2751, Proposed Assessment of Trust Fund Recovery Penalty. Our efforts
llect these taxes haven't been successful, so we plan to assess a
ty against you.

The law provides that individuals who were required to collect,
it for, and pay taxes for the business may be personally liable for a
y if the business doesn't pay the taxes. These taxes, which consist
loyment taxes you withheld or should have withheld from employees'
and didn't pay or excise taxes you collected or should have collected
atrons and didn't pay, are commonly referred to as trust fund taxes.

e plan to charge you an amount equal to the unpaid trust fund
hich the business still owes the government. This personal liability
ed the Trust Fund Recovery Penalty. We will assess and collect the
as though it were a tax you owed.

you agree with this penalty, please sign Part 1 of the enclosed
51 and return it to me in the enclosed envelope.

you don't agree, have additional information to support your case
to try to resolve the matter informally, contact the person named
op of this letter within ten days from the date of this letter.

also have the right to appeal or protest this action, and
lso have the right to a delay before we collect the money. You
st either of these within 60 days from the date of this letter
if this letter is addressed to you outside the United States).
uctions below explain how to make the request.

EXHIBIT
A

BORN STREET, CHICAGO, IL 60604-0000     Letter 1153(DO)(Rev. 3

## APPEALS

You may appeal your case to the office of the Regional Director of Appeals. To do this, address your request to the Group Manager, to the attention of the Person to Contact and at the address shown at the top of this letter. The dollar amount you are protesting affects the form your request should take.

| If the amount is: | You should: |
|---|---|
| $2,500 or less | Verbally request an Appeals. |
| More than $2,500 but not more than $10,000 | Submit a brief statement of the issues you disagree with. |
| Over $10,000 | Submit a written protest. |

Include any additional information that you want the Appeals Officer to consider. You may still appeal without additional information, but including at this stage will help us to process your request promptly.

A BRIEF WRITTEN STATEMENT should include:

1. Your name, address, and Social Security Number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved; and

5. A list of the issues you disagree with. These issues could include responsibility, willfulness, and the way we applied payments to the business tax liability.

Please submit two copies of your statement.

A WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, and Social Security Number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved (see Form 2751);

5. A list of the findings you disagree with;

Letter 1153(DO)(3-93)

6.   A statement of fact, signed under penalties of perjury, that
     explains why you disagree and why you believe you shouldn't be
     charged the penalty.  Include specific dates, names, amounts,
     locations, etc.

NOTE:  Usually, penalty cases like this one involve issues of
responsibility and willfulness.  Therefore, your statement
should include a clear explanation of your duties and
responsibilities within the business.  (Responsibility in this case
means possessing the status, duty and authority to collect, account
for, and pay the trust fund taxes.  Willfulness means that an
action was intentional, deliberate or voluntary and not an accident
or mistake.)

To declare that the statement in item 6 is true under penalties of
perjury, you must add the following to your statement and sign it:
"Under penalties of perjury, I declare that I have examined
the facts presented in this statement and any accompanying
information, and to the the best of my knowledge and belief, they
are true, correct, and complete."

7.   If you rely on a law or other authority to support your arguments,
     explain what it is and how it applies.

## PRESENTATION

   You may represent yourself at your conference or have someone who
 qualified to practice before the Internal Revenue Service represent you.
is may be your attorney, a certified public accountant, or another
ividual enrolled to practice before the IRS.  If your representative
:ends a conference without you, he or she must file a power of attorney
 tax information authorization before receiving or inspecting confidential
: information.  Form 2848, Power of Attorney, and Declaration of
)resentative, or Form 8821, Tax Information Authorization, may be used
· this purpose.  Both forms are available from any IRS office.  A
)perly written power of attorney or authorization is also acceptable.

## SIDERATION BY THE COURTS

   If you and the IRS still disagree after your conference, we will send
 a bill.  However, you may take your case to the United States Claim
rt or to your United States District Court.  These courts have no
nection with the IRS.

   Generally, the courts will hear tax cases only after you have paid
 tax and filed a claim for a refund.  The claim for a refund is
;idered an additional, informal review.  To request this additional
.ew, do the following:

1. Pay the tax for one employee for one quarter of liability, if we have based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction, if we have based the amount of the penalty on unpaid excise taxes.

2. File a claim for refund of the amount you paid using Form 843, Claim for Refund and Request for Abatement.

## DELAY IN COLLECTION

To request a delay in collection of the penalty, you must take the following additional actions within 30 days of the date of the official notice of assessment.

1. Pay a portion of the tax and file a claim for refund as explained above.

2. Post a bond with the IRS for one and one half times the amount of the penalty after you have made the payment in item 1.

You should be aware that if the IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 60 day period for submitting a protest mentioned above.

If the IRS denies your claim, you have the right to appeal the denial. You may wish to appeal before filing suit. To do this, follow the instructions above for APPEALS.

If the IRS hasn't acted on your claim within 6 months from the date you filed it, you can then file suit for a refund. You can also file suit for a refund any time within 2 years after IRS has disallowed your claim. For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the Claims Court, 717 Madison Place, N.W., Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter (or 90 days, if this letter is addressed to you outside the United States) we will begin collection action.

Sincerely yours,

Group Manager

Enclosures: Form 2751
Publication 1
Envelope

Page 4

Letter 1153(DO) (3-93)

Department of the Treasury - Internal Revenue Service

Form 2751

## Proposed Assessment of Trust Fund Recovery Penalty
(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)

### Report of Business's Unpaid Tax Liability

Name and address of business

ALL AMERICAN CORPORATION
4500 WEST ARMITAGE
CHICAGO, IL 60639-0000

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 09/30/1991 | 10/31/1991 | 01/27/1992 | 36-3377317 | $ 400372.62 | $ 340296.01 |
| 941 | 12/31/1991 | 01/31/1992 | 04/27/1992 | 36-3377317 | $ 180868.07 | $ 151809.81 |
| 941 | 03/31/1992 | 04/30/1992 | 06/29/1992 | 36-3377317 | $ 46604.95 | $ 30000.00 |
| 941 | 12/31/1992 | 01/31/1993 | 04/05/1993 | 36-3377317 | $ 121075.60 | $ 99999.98 |

Total Penalty | $ 622105.80

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name, address, and social security number of person responsible

DAVID URBAN               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
12130 OAK TREE LANE
LEMONT, IL 60439-6777

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees' wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b) and I waive the privilege of filing a claim for abatement after assessment.

Signature of person responsible | Date

Form **2751** (Rev. 1-98)

Department of the Treasury - Internal Revenue Service

Form 2751

## Proposed Assessment of Trust Fund Recovery Penalty

(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)

### Report of Business's Unpaid Tax Liability

me and address of business

ALL AMERICAN CORPORATION
4500 WEST ARMITAGE
CHICAGO, IL 60639-0000

| ax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 09/30/1991 | 10/31/1991 | 01/27/1992 | 36-3377317 | $ 400372.62 | $ 340296.01 |
| 941 | 12/31/1991 | 01/31/1992 | 04/27/1992 | 36-3377317 | $ 180868.07 | $ 151809.81 |
| 941 | 03/31/1992 | 04/30/1992 | 06/29/1992 | 36-3377317 | $ 46604.95 | $ 30000.00 |
| 941 | 12/31/1992 | 01/31/1993 | 04/05/1993 | 36-3377317 | $ 121075.60 | $ 99999.98 |

|  |  |  |  |  | Total Penalty | $ 622105.80 |

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

, address, and social security number of person responsible

DAVID URBAN                     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
12130 OAK TREE LANE
LEMONT, IL 60439-6777

ient to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment
withheld from employees' wages or to the amount of Federal excise taxes collected from patrons or members, and which was
id over to the Government by the business named above.  I waive the 60 day restriction on notice and demand set forth in
al Revenue Code 6672(b) and I waive the privilege of filing a claim for abatement after assessment.

| ature of person responsible | | Date |
|---|---|---|
| | | |

Form 2751 (Rev. 1-98)

Form 2750
(Rev. July 1983)

TO
FROM OUR INTERNAL LAW FIRM

**Waiver Extending Statutory Period for Assessment of 100 Percent Penalty**

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

| Social Security Number |
|---|
| 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 |

2. Statutory Period Extended To

April 15, 2000.

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing this penalty. It does not mean that the person named intends responsibility for the penalty.

3. Name and Address of Taxpayer (Employer or Collecting Agency)
(a)

All American Corporation
4500 W Armitage
Chicago, Ill 60639
36-3373147

| Description | Form Number (b) | Tax Period Ended (c) |
|---|---|---|
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 943 | December 31, 1992 |

By (Signature and title)
Marilyn W. Day

Revenue Officer

5c. Date
June 1 1983

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)

EXHIBIT B

## AFFIDAVIT

STATE OF ILLINOIS    )
                      )   SS
COUNTY OF COOK    )

I, the undersigned affiant, after first being duly sworn upon oath do state as follows:

1. My name is David A. Urban and the statements contained herein are being given based on my own personal knowledge. If I were called to testify, I could competently make all of the statements contained herein.

2. I was an employee of All American Corporation, FEIN: 36-3377317, until October of 1995.

3. Attached as Exhibit A is a copy of IRS Form 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, showing my name, former address and social security number.

4. This Waiver contains a signature under Part 4a, which is where I should have signed this document.

5. I never signed this Waiver nor any other waiver. The signature on the Waiver was done by some other individual without my authorization or knowledge.

6. I did not sign any such Waiver extending the statutory period for assessment for the periods at issue: September 30, 1991, December 31, 1991, March 31, 1992 and December 31, 1992 for All American Corporation.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DAVID A. URBAN

Signed and sworn to before me this
_19_ day of _May_, 2000.

_____
Notary Public

OFFICIAL SEAL
CAROL ... NIERI
NOTARY PUBLIC STATE OF ILLINOIS
MY COMM... ...023 8-28-2001

EXHIBIT
_C_

FEB-10-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form **2750**
(Rev. July 1983)

# Waiver Extending Statutory Period for Assessment of 100-Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

| | Social Security Number |
|---|---|
| | 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 |

2. Statutory Period Extended To

April 15, 2000

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing the penalty. A deletion mark that the person named concedes inapplicability.

| Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | |
|---|---|---|
| | Form Number (b) | Tax Period Ended (c) |
| 3. | | |
| | | |
| All American Corporation | 941 | September 30, 1991 |
| 4500 W Armitage | 941 | December 31, 1991 |
| Chicago, Ill 60639 | 941 | March 31, 1992 |
| 36-3373317 | 941 | December 31, 1992 |

5a. Signature and title

Alan J Nathan Reveaue Officer

5b. By (Signature and title)

Marilyn W. Day

5c. Date

June 1, 1993

Form **2750** (Rev. 7-83)

Part 2 — Copy For Person Potentially Responsible



EXHIBIT

A

### AFFIDAVIT

1. MY NAME IS EDWARD ORLOWSKY AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.


_____
EDWARD ORLOWSKY

SIGNED AND SWORN TO BEFORE ME THIS

_____ DAY OF _____ ,2000.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001



EXHIBIT

D

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO 8861859 P.10

Form 2750
(Rev. July 1983)

**Waiver Extending Statutory Period for Assessment of 100-Percent Penalty**

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

| Social Security Number |
|---|
| 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 |

| 2. Statutory Period Extended To |
|---|
| April 15, 2000 |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing this penalty. A deletion mean that the person named coincides responsibility.. for the penalty.

3.

| Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | | Form Number (b) | Tax Period Ended (c) |
|---|---|---|---|---|
| All American Corporation 4500 W Armitage Chicago, Ill 60639 36-3377117 | | | 941 | September 30, 1991 |
| | | | 941 | December 31, 1991 |
| | | | 941 | March 31, 1992 |
| | | | 941 | December 31, 1992 |

By (Signature and title)

Marilyn V. Day

3b. By (Signature and title)

Revenue Officer

5a. Date

June 8, 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)



EXHIBIT

A

## AFFIDAVIT

1. MY NAME IS ANGEL MORALES AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ALL AMERICAN CORP. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.


_____
ANGEL MORALES


SIGNED AND SWORN TO BEFORE ME THIS

_30_ DAY OF _May_ _____, 2000.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001

EXHIBIT

E

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form **2750**
(Rev. July 1983)

### Waiver Extending Statutory Period for Assessment of 100-Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

| 1. Name and Address of Person Potentially Responsible | Social Security Number |
|---|---|
| David A Urban 13820 Tamarack Lane Orland Park Ill 60462 | 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 |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing the penalty/In addition to the date shown at the right. This agreement extends for the penalty.

| 2. Statutory Period Extended To |
|---|
| April 15, 2000 |

| 3. Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description (b) | Form Number (c) | Tax Period Ended (d) |
|---|---|---|---|
| All American Corporation 4500 N Armitage Chicago, Ill 60659 36-3397117 | | 941 | September 30, 1991 |
| | | 941 | December 31, 1991 |
| | | 941 | March 31, 1992 |
| | | 943 | December 31, 1992 |

Marylin V. Day

5b. By (Signature and title)    Alan D. Nathan — Revenue Officer    5c. Date    June 1, 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)



EXHIBIT
A

## AFFIDAVIT

1. MY NAME IS ALBERT SENESE AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.

_____

ALBERT SENESE

SIGNED AND SWORN TO BEFORE ME THIS

30 DAY OF May ,2000.

_____

NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001

EXHIBIT

F

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form **2750**
(Rev. July 1982)

## Waiver Extending Statutory Period for Assessment of 100-Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

| 1. Name and Address of Person Potentially Responsible | Social Security Number |
|---|---|
| David A Urban 13820 Tamarack Lane Orland Park Ill 60462 | 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 |

2. Statutory Period Extended To — **April 15, 2000.**

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 applicable to the tax for the periods shown below may be assessed against that person on or before the date shown at the right. The agreement extends the statutory period for assessing the penalty. A decision made that the penalty not be collected does not change the person's responsibility.

| 3. Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | |
|---|---|---|
| | Form Number (b) | Tax Period Ended (c) |
| All American Corporation 4500 W Armitage Chicago Ill 60639 | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 943 | December 31, 1992 |

| 5a. By (Signature and title) | 5b. Date |
|---|---|
| Marilyn R. Day — Revenue Officer | June 1 1993 |

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)



EXHIBIT
A

AFFIDAVIT

1. MY NAME IS JOSEPH VILLA AND THE STATEMENTS ARE BEING GIVEN
   ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A
   NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING
   STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS
   ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT
   BELIEVE HE SIGNED THIS DOCUMENT.


_____
JOSEPH VILLA


SIGNED AND SWORN TO BEFORE ME THIS

30 DAY OF May ,2000.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001

EXHIBIT
G

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form **2750**
(Rev. July, 1983)

## Waiver Extending Statutory Period for Assessment of 100% Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

| Social Security Number |
| --- |
| 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 |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. The agreement extends the statutory period for assessing this penalty. It does not mean that the person named concedes responsibility for the penalty.

| 2. Statutory Period Extended to |
| --- |
| April 15, 2000 |

3.

| Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | Form Number (b) | Tax Period Ended (c) |
| --- | --- | --- | --- |
| All American Corporation 4500 W Armitage Chicago, Ill 60639 36-3937317 | | 941 | September 30, 1991 |
| | | 941 | December 31, 1991 |
| | | 941 | March 31, 1992 |
| | | 941 | December 31, 1992 |

By (Signature and title)
Marilin V. Day Revenue Officer
Sd. Date: June 1, 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)


EXHIBIT
A

AFFIDAVIT

1. MY NAME IS LOUISE SMITH AND THE STATEMENTS ARE BEING GIVEN
   ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A
   NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING
   STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS
   ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT
   BELIEVE HE SIGNED THIS DOCUMENT.

_____
LOUISE SMITH

SIGNED AND SWORN TO BEFORE ME THIS

_3 0_ DAY OF _May_ ,2000.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001

EXHIBIT
H

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO [illegible]

Form **2750** (Rev. July 1983)

**Waiver Extending Statutory Period for Assessment of 100% Penalty**

(Section 6672, Internal Revenue Code of 1986, or corresponding provisions of prior internal revenue laws)

| 1. Name and Address of Person Potentially Responsible | | Social Security Number |
|---|---|---|
| David A Urban 13820 Tamarack Lane Orland Park Ill 60462 | | 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 |
| | | 2. Statutory Period Extended To |
| | | April 15, 2000 |

3. 

| Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | | |
|---|---|---|---|
| | | Form Number (b) | Tax Period Ended (c) |
| All American Corporation 4500 N Armitage Chicago, Ill 60659 36-3377341 | | 941 | September 30, 1991 |
| | | 941 | December 31, 1991 |
| | | 941 | March 31, 1992 |
| | | 941 | December 31, 1992 |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the period shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing the penalty in question so that the person named otherwise responsible to the penalty period for assessing the penalty.

Signature [illegible] _____

| 5a. By (Signature and title) | 5b. Date |
|---|---|
| Marylin W. Day | Revenue Officer |

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)



EXHIBIT

A

## AFFIDAVIT

1. MY NAME IS CAROL NERI AND THE STATEMENTS ARE BEING GIVEN ON MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.


_____
CAROL NERI


SIGNED AND SWORN TO BEFORE ME THIS

_30_ DAY OF _May_ ,2000.


_____
NOTARY PUBLIC


OFFICIAL SEAL
DENISE M. RAINES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-16-2003


EXHIBIT
I

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form 2750
(Rev. July 1983)

## Waiver Extending Statutory Period for Assessment of 100-Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

Social Security Number: 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

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. The agreement intends the statutory period for assessing the penalty. It does not mean that the person named coincides responsibility for the penalty.

2. Statutory Period Extended To: April 15, 2000

3. Name and Address of Taxpayer (Employer or Collecting Agency) (a)

All American Corporation
4500 W Armitage
Chicago, Ill 60639
36-3376117

| Description | | |
|---|---|---|
| | Form Number (b) | Tax Period Ended (c) |
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 943 | December 31, 1992 |

5b. By (Signature and title)
Marilyn W. Day — Revenue Officer

5c. Date  June 1 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)


EXHIBIT A

## AFFIDAVIT

1. MY NAME IS DENISE RAINES AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.

_____
DENISE RAINES

SIGNED AND SWORN TO BEFORE ME THIS

30TH DAY OF _____May_____ ,2000.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001



EXHIBIT

J

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form 2750
(Rev. July 1983)

**Waiver Extending Statutory Period for Assessment of 100-Percent Penalty**
(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

Social Security Number
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

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing this penalty. A document must that the person named indicates responsibility for the penalty.

2. Statutory Period Extended To
April 15, 2000

3. Name and Address of Taxpayer (Employer or Collecting Agency)
(a)

All American Corporation
4500 W Armitage
Chicago, Ill 60639
36-3370317

| Description | Form Number (b) | Tax Period Ended (c) |
|---|---|---|
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 941 | December 31, 1992 |

Marilin W. Day

8a. By (Signature and title)
Revenue Officer

9c. Date
June 1, 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)


EXHIBIT A

**AFFIDAVIT**

1. MY NAME IS TIMOTHY WOZNIAK AND THE STATEMENTS ARE BEING GIVEN ON MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.

_____
TIMOTHY WOZNIAK

SIGNED AND SWORN TO BEFORE ME THIS

_31st_ DAY OF _May_ ,2000.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001



EXHIBIT

K

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form 2750
(Rev. July 1983)

Waiver Extending Statutory Period for Assessment of 100 Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

Social Security Number
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

2. Statutory Period Extended To

April 15, 2000.

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against said person on or before the date shown at the right. This agreement extends the statutory period for assessing the penalty for 60 days after this period ends, if collection cannot be made during the period, to enable the person, named, above.

3.
Name and Address of Taxpayer (Employer or Collecting Agency)
(a)

All American Corporation
4500 W Armitage
Chicago Ill 60639

| Description | | |
|---|---|---|
| | Form Number (b) | Tax Period Ended (c) |
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 941 | June 30, 1992 |
| | 941 | September 30, 1992 |

Sb. By (Signature and title)

Marilyn W. Day
Revenue Officer

6c. Date

June 8 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-83)



EXHIBIT
A

AFFIDAVIT

1. MY NAME IS KENNETH VANEK AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ALL AMERICAN CORP FOR MANY YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.


KENNETH VANEK

SIGNED AND SWORN TO BEFORE ME THIS

__1__ DAY OF _June_ ,2000.


NOTARY PUBLIC

```
OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001
```

```
EXHIBIT
L
```

FEB-18-1999  16:03  FROM  VON MANDEL LAW FIRM  TO

Form **2750**
(Rev. July 1983)

# Waiver Extending Statutory Period for Assessment of 100-Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

| 1. Name and Address of Person Potentially Responsible | Social Security Number |
|---|---|
| David A Urban 13820 Tamarack Lane Orland Park Ill 60462 | 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 |

| | 2. Statutory Period Extended To |
|---|---|
| | April 15, 2000 |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agrees that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. The agreement extends the statutory period for assessing the penalty. If a decision is made that the person named cannot be responsible for the penalty.

| 3. Name and Address of Employer (Employer or Collecting Agency) | | |
|---|---|---|
| All American Corporation<br>4500 W Armitage<br>Chicago, Ill 60639<br>36-3312714 | | |

| Description | Form Number (b) | Tax Period Ended (c) |
|---|---|---|
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 941 | December 31, 1992 |

Marylin W. Day

By (Signature and title)  Revenue Officer

5c. Date  June 1 1993

Form **2750** (Rev. 7-83)

Part 2 — Copy For Person Potentially Responsible


EXHIBIT
A

## AFFIDAVIT

1. MY NAME IS MICHAEL KOSAC AND THE STATEMENTS ARE BEING GIVEN ON MY OWN PERSONAL KNOWLEDGE.

2. I HAVE WORKED WITH DAVID URBAN AT ASCHER BROTHERS, INC. FOR A NUMBER OF YEARS.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION IN REVIEWING THE ATTACHED DOCUMENT, I DO NOT BELIEVE HE SIGNED THIS DOCUMENT.


MICHAEL KOSAC

SIGNED AND SWORN TO BEFORE ME THIS

_1_ DAY OF _June_ ,2000.


NOTARY PUBLIC

```
OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001
```



EXHIBIT

M

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form 2750
(Rev. July 1983)

**Waiver Extending Statutory Period for Assessment of 100 Percent Penalty**

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

1. Name and Address of Person Potentially Responsible

David A Urban 13820 Tamarack Lane Orland Park Ill 60462

Social Security Number
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

2. Statutory Period Extended To

April 15, 2000

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against the person on or before the date shown at the right. This agreement extends the statutory period for assessing this penalty. A decision made that the person named includes responsibility for the penalty.

3.

| Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | | |
|---|---|---|---|
| | | Form Number (b) | Tax Period Ended (c) |
| All American Corporation 4500 W Armitage Chicago Ill 60639 36-3939731 | | 941 | September 30, 1991 |
| | | 941 | December 31, 1991 |
| | | 941 | March 31, 1992 |
| | | 941 | December 31, 1992 |

5a. By (Signature and title)

Marilla W. Day

5b. By (Signature and title)

Revenue Officer

5c. Date

June 1 1993

Form 2750 (Rev. 7-83)

Part 2 — Copy For Person Potentially Responsible


EXHIBIT
A

# AFFIDAVIT

1.  My name is Michael J. Brennan, and the statements are
    being given are my own personal knowledge.

2.  I have worked with David Urban as his attorney for four (4)
    years.

3.  Attached as Exhibit "A" is a copy of IRS Form 2750,
    Waiver extending statutory period for assessment of 100%
    penalty, that was allegedly signed by Mr. David Urban.

4.  Based on my opinion in review the attached document, I do
    not believe he signed this document.

                                    _Michael J. Brennan_

    Michael J. Brennan

Signed and Sworn to Before
This 31st day of May, 2000

_Christine A. Borowski_

Notary Public

"OFFICIAL SEAL"
CHRISTINE A. BOROWSKI
Notary Public, State of Illinois
My Commission Expires 1/29/2003



EXHIBIT

N

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO 8861850\341\

Form 2750 (Rev. July 1993)

**Waiver Extending Statutory Period for Assessment of 100% Percent Penalty**

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior Internal Revenue laws)

| 1. Name and Address of Person Potentially Responsible | | Social Security Number |
|---|---|---|
| David A Urban 13820 Tamarack Lane Orland Park Ill 60462 | | 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 |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the tax periods shown below) may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing the penalty for the conditions and that the person named assumes responsibility for the penalty.

| | 2. Statutory Period Extended To |
|---|---|
| | April 15, 2000 |

| 3. Name and Address of Taxpayer (Employer or Collecting Agency) (a) | Description | Form Number (b) | Tax Period Ended (c) |
|---|---|---|---|
| All American Corporation 4500 W Armitage Chicago, Ill 60639 36-3303133 | | 941 | September 30, 1991 |
| | | 941 | December 31, 1991 |
| | | 941 | March 31, 1992 |
| | | 940 | December 31, 1992 |

By (Signature and title) Alan J Fallen

Marylin R. Day Revenue Officer

Title Date June 1 1993

Part 2 — Copy For Person Potentially Responsible

Form 2750 (Rev. 7-93)



EXHIBIT
A

# AFFIDAVIT

1. MY NAME IS JOANNE L. URBAN AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE.

2. I HAVE BEEN MARRIED TO DAVID URBAN SINCE 1971.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. I BELIEVE MY HUSBAND DAVID DID NOT SIGN THIS WAIVER OR ANY OTHER WAIVER. I BELIEVE THE SIGNATURE WAS DONE BY SOME OTHER INDIVIDUAL WITHOUT HIS AUTHORIZATION OR KNOWLEDGE.

*Joanne L. Urban*
JOANNE L. URBAN

SIGNED AND SWORN TO BEFORE ME THIS

1 DAY OF June ,2000.

*Carol A. Neri*
NOTARY PUBLIC

OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001



EXHIBIT

O

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO 8861860 P.01

Form 2750
(Rev. July 1983)

## Waiver Extending Statutory Period for Assessment of 100-Percent Penalty

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

| 1. Name and Address of Person Potentially Responsible | Social Security Number |
| --- | --- |
| David A Urban 13820 Tamarack Lane Orland Park Ill 60462 | 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 |
| | 2. Statutory Period Extended To |
| | April 15, 2000 |

3. The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 (applicable to the tax for the periods shown below) may be assessed against that person on or before the date shown at the right. They agree the statutory period for making this penalty/is discharge such that the person named official, responsibility for the penalty.

Name and Address of Taxpayer (Employer or Collecting Agency)

| All American Corporation 4500 W Armitage Chicago, Ill 60639 | Description | | |
| --- | --- | --- | --- |
| | Form Number (b) | Tax Period Ended (c) |
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 941 | December 31, 1992 |

By (Signature and title)
Marilyn W. Day

Revenue Officer

5c. Date
June 1, 1983

Form 2750 (Rev. 7-83)

Part 2 — Copy For Person Potentially Responsible



EXHIBIT
A

03/30/00     20:28     ☎773 588 5350          ASCHER BROS.                    ☑002

## AFFIDAVIT

1. MY NAME IS THOMAS MERTENS AND THE STATEMENTS ARE BEING GIVEN ARE MY OWN PERSONAL KNOWLEDGE

2. I AM A CERTIFIED PUBLIC ACCOUNTANT AND PREVIOUSLY WORKED FOR GRANT THORNTON ACCOUNTANTS AND MANAGEMENT CONSULTANTS AT THE TIME I WAS EMPLOYED AT GRANT THORNTON I DID YEARLY CERTIFIED PUBLIC AUDITS FOR ALL AMERICAN CORPORATION.

3. ATTACHED AS EXHIBIT A IS A COPY OF IRS FORM 2750, WAIVER EXTENDING STATUTORY PERIOD FOR ASSESSMENT OF 100% PENALTY, THAT WAS ALLEGEDLY SIGNED BY MR URBAN.

4. BASED ON MY OPINION AND MY AQUAINTANCE WITH DAVID URBAN, I DO NOT BELIEVE THAT HE WOULD SIGN THE ATTACHED DOCUMENT. SAMY HAMMAD MADE ALL FINANCIAL DECISIONS FOR ALL AMERICAN CORPORATION.


_____
THOMAS MERTENS


SIGNED AND SWORN TO BEFORE ME THIS

__1__ DAY OF ____June____ ,2000.


_____
NOTARY PUBLIC

```
OFFICIAL SEAL
CAROL ANN NERI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2001
```



EXHIBIT

P

FEB-18-1999 16:03 FROM VON MANDEL LAW FIRM TO

Form **2750** (Rev. July 1983)

**Waiver Extending Statutory Period for Assessment, or 100 Percent Penalty**

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

1. Name and Address of Person Potentially Responsible

David A. Urban 13820 Tamarack Lane Orland Park Ill 60462

| | Social Security Number |
|---|---|
| | 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 |
| 2. Statutory Period Extended To | |
| | April 15, 2000. |

The person named above and the District Director of Internal Revenue or the Regional Director of Appeals agree that the penalty under Internal Revenue Code section 6672 applicable to the tax for the periods shown below may be assessed against that person on or before the date shown at the right. This agreement extends the statutory period for assessing the penalty to the date shown at the right. This agreement extends for the penalty.

3. Name and Address of Taxpayer (Employer or Collecting Agency)

All American Corporation
4500 W Armitage
Chicago Ill 60639
36-3377717

| Description | Form Number (b) | Tax Period Ended (c) |
|---|---|---|
| | 941 | September 30, 1991 |
| | 941 | December 31, 1991 |
| | 941 | March 31, 1992 |
| | 943 | December 31, 1992 |

Sb. By (Signature and title)

Marvin W. Day

Revenue Officer

Date June 1, 1993

Part 2 — Copy For Person Potentially Responsible

Form **2750** (Rev. 7-83)



EXHIBIT
A

# EXHIBIT L

## WRITTEN PROTEST TO PROPOSED TRUST FUND RECOVERY PENALTY

**1.** **REQUEST FOR HEARING:**

Taxpayer hereby requests a hearing on the proposed Trust Fund Recovery Penalty under IRC § 6672.

**2.** **TAXPAYER NAME AND ADDRESS:**

David A. Urban
12130 Oak Tree Lane
Lemont, Illinois 60439

SSN: 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

**3.** **LETTER TO WHICH RESPONDING:**

Response to Letter 1153(DO), dated April 13, 1999. A copy of this letter is attached hereto as Exhibit A.

**4.** **TAX PERIOD INVOLVED:**

06-30-95
09/30/95

**5.** **ISSUES CONTESTED**

The taxpayer contests the responsibility and willfulness for a Trust Fund Recovery Penalty for All American Corporation. The taxpayer also contests the computation of the proposed Trust Fund Recovery Penalty. The Service's computation fails to fully account for all payments made on account by the corporation. The taxpayer also protests the misapplication of certain other voluntary payments to penalties, interest and non-trust fund taxes to the exclusion of trust fund taxes.



EXHIBIT

L

6. **STATEMENT OF FACTS:**

David A. Urban was an employee and shareholder of All America Corporation (the "Corporation") from the beginning of the corporation until October of 1995. Mr. Urban was also a director of the corporation during his time of employment. He was removed as a director of the Corporation at a meeting of the Corporation's shareholders on November 1, 1995.

The Corporation was engaged in the business of painting and decorating. Mr. Urban's position in the Corporation was as an estimator and project manager. Mr. Urban would contact potential customers who needed painting and decorating work done. He would estimate the cost and would submit a bid based on his estimate. If the bid was successful, Mr. Urban would act as the project manager for that project. He would direct the painters and was responsible for obtaining the necessary paint and/or wall coverings.

While he was employed by the Corporation, Mr. Urban was authorized as a cosigner for the Corporation's checking account. He was not authorized to sign checks alone but only with another authorized individual. Other employees were authorized to sign cheks under their own name. As the time he was employed, Mr. Urban believed that two signatures were required on all checks. He later came to find out that the Corporation's president, Samy Hammad could sign corporate checks solely, i.e. no cosigner was required when he signed one of the Corporation's checks. The few checks that Mr. Urban signed during his time at the Corporation were prepared by someone else and had already been signed by Mr. Hammad.

As for payroll taxes owed to the Internal Revenue Service, Mr. Urban did not prepare payroll reports or returns. He was not responsible for this aspect of the Corporation's business. He

was never informed by Mr. Hammad or anyone else employed by the Corporation whether or not payroll taxes were being paid or whether payroll returns were being timely filed. Any checks signed by Mr. Urban had already been signed by Mr. Hammad. He signed the checks when he was directed to do so. Mr. Hammad was the owner of 51% of the Corporation's stock, in addition to being the Corporation's president and a director. It is Mr. Urban's opinion that Mr. Hammad was responsible for the preparation of the payroll tax returns and the payment of payroll returns. In addition, Mr. Hammad made all decisions regarding what liabilities the Corporation's paid and when they were paid.

7.    <u>STATEMENT OF LAW:</u>

IRC § 6672 provides statutory authority for imposing a 100% penalty on "any person required to collect, truthfully account for, and pay over collected taxes" who willfully fails to collect such tax or willfully attempts in any manner to evade or defeat such tax or payment thereof. Generally, two conditions must be met in order to assess and collect the 100% penalty tax:

    1.    The taxpayer must be a responsible person, and-

    2.    The taxpayer's conduct must be willful.

IRC § 6671 defines the term person as anyone under a duty to perform. IRC § 6671(b), defines the term "person" to include "an officer or employee of the corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs".

3

The cases have established that this definition encompasses anyone who has all or any part of the decision as to which liabilities will be paid and which will not be paid and when such liabilities will be paid. In the instant case the facts do not establish that David A. Urban was a responsible person within the meaning of IRC § 6671 and § 6672. He had no control over what was to be paid by the corporation.

The Court of Appeals for the Seventh Circuit has stated:

> "The key to liability under § 6672 is control of finances within the employer corporation: the power to control the decision-making process by which the employer corporation allocates funds to other credit in preference to its withholding tax obligations." Haffa v. U.S., 516 F. 2d 931, 936.

In the case of United States v. Lumetta 73-1 USTC 9386 (E.D. Mo. 1973), which was cited in Haffa, id. the defendant was a director and officer of the employer corporation during the tax quarters in question, but was found not to have had sufficient control of financial decision-making to be liable under Section 6672. Although the defendant in Lumetta was authorized to sign checks of the corporation and was a required cosignor of all checks over $500, the court found that such checks were always presented to him by others and that he "made no determination as to which creditors would be paid or as to when the checks would be issued, *** nor did he possess any legal or actual power to exercise general policy or fiscal control to the extent he would be, or was, responsible for the corporation's failure to remit its payroll taxes.

4

In another "6672" case, the United States Court of Appeals for the Seventh Circuit, <u>Monday v.</u> <u>U.S.,</u> 70-1 USTC 9205 stated: "Corporate office does not, per se, impose a duty to collect and pay over withheld taxes." David A. Urban never had authority to pay withholding taxes. He never had a duty to pay such taxes.

It is clear from the facts that David A. Urban was not in control of the corporate finances. The decision-making process rested with Samy Hammad. As a mere titular officer and director of the corporation, David A. Urban may not be held liable for liabilities due from the corporation. <u>Raymond E. Coeture,</u> 74-2 USTC 9705.

The second element required for liability in willfulness. The word "willfully" as used in IRC 6672 does not signify an act done with fraudulent or evil purposes, but merely knowingly and intentionally disregarding the statutory provision. The court in <u>Monday v. United States,</u> 421 F. 2d 1210 (7th Cir. 1970) defined willfulness as follows: 'An act is willful if it is voluntary, conscious, and intentional.' A responsible person acted willfully if he 'knowingly used available funds to prefer other creditors over' the Internal Revenue Service. 421 F.2d at 1216.

In <u>Slodov vs. United States,</u> 436 U.S. 238, 254, 98 S.Ct. 1778, 1788, 56 L.Ed. 2d 251 (1978), the Supreme Court observed that "[t]he fact that the provision imposes a 'penalty' and is violated only by a 'willful failure' is itself strong evidence that it was not intended to impose liability without personal fault."

The Court of Claims in <u>Feist v. Unites States,</u> 607 F. 2d 954 962 (Ct.Cl. 1979), followed <u>Monday, supra,</u> but expanded the definition of willfulness by stating: Personal fault being a necessary element of willfulness, relevant evidence bearing on the element of personal fault may not be ignored. If a person lacks knowledge that withheld taxes were not being paid over, he

can defend against willfulness unless he/she recklessly disregarded obvious or known risks.
R.J. Kalb, (2d Cir. 1974), 74-2 U.S.T.C. 9760. See also M. Fried, (D.C.) 68-1 U.S.T.C.
9372; Rimby v. United States, 42 A.F.T.R. 2d 5814 (7th Cir. 1978); Mazo v. United States,
591 F.2d 1151 (5th Cir. 1979). In the instant case, David A. Urban did not become aware of
the liability until well after he was ousted as an employee and director of the Corporation.

Mere negligence is not sufficient proof of willfulness. Bauer v. United States, 543 F.2d 142
(7th Cir., Ill., 1976), Kalb v. United States, 505 F.2d 506 (2nd Cir. 1975). Dudley v. United
States, 428 F. 2d 1192 (9th Cir. 1970). Willfulness can be proven by showing that the
responsible person recklessly disregarded his duty to collect, account for, and pay over the trust
fund taxes or by showing that the person ignored known risks that the taxes might not be
remitted. Brown v. United States, 541 F2d 1136 (5th Cir. 1979). The other side of this rule is
that absence of negligence can be proven by an affirmative showing that the responsible person
did not disregard his duties and that he undertook all reasonable efforts to see that such taxes
would in fact be paid. In circumstances where the employer had the means of payment and
could reasonably be expected to pay, as in this case, David A. Urban certainly cannot be said to
have been reckless. It is clear from the facts that he was not willful.

The IRS may only proceed against responsible persons for the "Trust Fund Portion" of taxes,
i.e., only that portion of the total company liability which was a withheld tax and remain
unpaid. The company portion of FICA, penalties and interest are not assessable against
responsible persons. In the instant case because of the errors in application of funds, the
proposed assessment amount is incorrect. First National Bank in Palm Beach v. United States,
79-1 USTC 9286.

**8.**     **CONCLUSION**

David A. Urban was not responsible for the payment of the payroll taxes or any other taxes for

All America Corporation. He never signed payroll checks, payroll tax returns or payroll tax

checks. He did not have knowledge that the responsible corporate officer, Samy Hammad,

was not paying the corporation's payroll tax liability. This means that Mr. Urban was not

willful either. Because was neither a responsible person nor willful in the failure to pay the

payroll tax, the Trust Fund Recovery Penalty should not be assessed against him.

**9.**     **VERIFICATION**

NOW COMES WILLIAM F. MARUTZKY and JOHN F. JACOBS, the attorneys for David

A. Urban, and states that statements of fact contained herein are made on information and

belief and are true and correct to the best of his knowledge.

An executed copy of IRS Form 2848, **Power of Attorney,** is enclosed to authorize this

representation.

David A. Urban

By: _____
          WILLIAM F. MARUTZKY
          JOHN F. JACOBS
          Authorized Power of Attorney
          233 South Wacker Drive
          22nd Floor
          Chicago, Illinois 60606-6308
          (312) 627-4000

7

Department of the Treasury
Internal Revenue Service

Date of This Letter:
April 13, 1999

Person to Contact:
A. Mckinzie
IRS Contact Address:
230 S. Dearborn DPN 15-51
Chicago, IL 60604-0000
IRS Telephone Number:
312 886-1893
Employer Identification Number:
36-3377317
Business Name and Address:
ALL AMERICAN CORPORATION
4500 W. ARMITAGE AVE.
CHICAGO, IL 60639-0000

id Urban
30 Oak Tree Lane
ont, IL 60439-0000

The business named above owes Federal taxes described in the enclosed
m 2751, Proposed Assessment of Trust Fund Recovery Penalty. Our
orts to collect these taxes haven't been successful. so we plan
assess a penalty against you.

The law provides that individuals who were required to collect. account for.
pay taxes for the business may be personally liable for a penalty if the
iness doesn't pay the taxes. These taxes, which consist of employment taxes
withheld or should have withheld from employees' wages and didn't pay or
ise taxes you collected or should have collected from patrons and didn't pay.
commonly referred to as trust fund taxes.

We plan to charge you an amount equal to the unpaid trust fund taxes which
business still owes the government. This personal liability is called
trust fund recovery penalty. We will assess and collect the penalty as
ugh it were a tax you owed.

If you agree with this penalty. please sign Part 1 of the enclosed
m 2751 and return it to me in the enclosed envelope.

If you don't agree. have additional information to support your case. and
n to try to resolve the matter informally. contact the person named at the top
this letter within ten days from the date of this letter.

You also have the right to appeal or protest this action, and you may also
e the right to a delay before we collect the money. You may request either of
se within 60 days from the date of this letter (90 days if this letter is
ressed to you outside the United States). The instructions below explain how
make the request.

230 S. Dearborn, DPN 26-1, Chicago, Illinois 60604

Letter 1153(DO) (Rev. 3-93)



EXHIBIT
A

## APPEALS

You may appeal your case to the office of the Regional Director of Appeals. To do this, address your request to the Group Manager, to the attention of the Person to Contact and the address shown at the top of this letter. The dollar amount you are protesting affects the form your request should take.

| If the amount is: | You should: |
|---|---|
| $2,500 or less | Verbally request an Appeals conference. |
| More than $2,500 but not more than $10,000 | Submit a brief written statement of the issues you disagree with. |
| Over $10,000 | Submit a written protest. |

Include any additional information that you want the Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

A BRIEF WRITTEN STATEMENT should include:

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved; and

5. A list of the issues you disagree with. These issues could include responsibility, willfulness, and the way we applied payments to the business tax liability.

Please submit two copies of your statement.

A WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved (see Form 2751);

5. A list of the findings you disagree with;

Page 2          Letter 1153(DO)  (Rev. 3-93)

6. A statement of fact, signed under penalties of perjury, that explains why you disagree and why you believe you shouldn't be charged the penalty. Include specific dates, names, amounts, locations, etc.

NOTE:  Usually, penalty cases like this one involve issues of responsibility and willfulness.  Therefore, your statement should include a clear explanation of your duties and responsibilities within the business. (Responsibility in this case means possessing the status, duty and authority to collect, account for, and pay the trust fund taxes.  Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake.)

To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

"Under the penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you.  This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS.  If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information.  Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose.  Both forms are available from any IRS office.  A properly written power of attorney or authorization is also acceptable.

CONSIDERATION BY THE COURTS

If you and the IRS still disagree after your conference, we will send you a bill.  However, you may take your case to the United States Court of Federal Claims or to United States District Court.  These courts have no connection with the IRS.

Generally, the courts will hear tax cases only after you have paid the tax and filed a claim for a refund.  The claim for a refund is considered an additional, informal review.  To request this additional review, do the following:

1. Pay the tax for one employee for one quarter of liability if we have based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction, if we have based the amount of the penalty on unpaid excise taxes.

2. File a claim for refund of the amount you paid, using Form 843, Claim for Refund and Request for Abatement.

Page 3          Letter 1153(DO)  (Rev. 3-93)

DELAY IN COLLECTION

To request a delay in collection of the penalty, you must take the following additional actions within 30 days of the date of the official notice of assessment.

1. Pay a portion of the tax and file a claim for refund as explained above.

2. Post a bond with the IRS for one and one half times the amount of the penalty after you have made the payment in item 1.

You should be aware that, if IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 30 day period for submitting a protest mentioned above.

If the IRS denies your claim, you have the right to appeal the denial. You may wish to appeal before filing suit. To do this, follow the instructions above for APPEALS.

If the IRS hasn't acted on your claim within 6 months from the date you filed it, you can then file suit for a refund. You can also file suit for a refund any time within 2 years after IRS has disallowed your claim. For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the Court of Federal Claims, 717 Madison Place, N.W., Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter (or 90 days, if this letter is addressed to you outside the United States), we will begin collection action.

Sincerely yours,

Group Manager

Enclosures:
Form 2751
Publication 1
Envelope

Page 4          Letter 1153(DO)   (Rev. 3-93)

Department of the Treasury - Internal Revenue Service

# Proposed Assessment of Trust Fund Recovery Penalty
### (Sec. 6672. Internal Revenue Code or corresponding provisions of prior internal revenue laws)

---

### Report of Business's Unpaid Tax Liability

Name and address of business

ALL AMERICAN CORPORATION
4500 W. ARMITAGE AVE.
CHICAGO, IL 60639-0000

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 06/30/95 | 07/31/95 | 10/02/95 | 36-3377317 | $172,004.19 | $134,721.87 |
| 941 | 09/30/95 | 10/31/95 | 01/08/96 | 36-3377317 | $349,531.29 | $247,110.41 |

| | Total Penalty | $381,832.28 |
|---|---|---|

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

e, address, and social security number of person responsible
David Urban
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
12130 Oak Tree Lane
Lemont, IL 60439-0000

nsent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment
s withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was
paid over to the Government by the business named above; and I waive the privilege of filing a claim for abatement after
ssment.

| ature of person responsible | Date |
|---|---|

rm 2751   (Rev 2-93)

Department of the Treasury · Internal Revenue Service

# Proposed Assessment of Trust Fund Recovery Penalty
### (Sec. 6672, Internal Revenue Code or corresponding provisions of prior internal revenue laws)

## Report of Business's Unpaid Tax Liability

ame and address of business

ALL AMERICAN CORPORATION
4500 W. ARMITAGE AVE.
CHICAGO, IL 60639-0000

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 06/30/95 | 07/31/95 | 10/02/95 | 36-3377317 | $172,004.19 | $134,721.87 |
| 941 | 09/30/95 | 10/31/95 | 01/08/96 | 36-3377317 | $349,531.29 | $247,110.41 |

| | | |
|---|---|---|
| | Total Penalty | $381,832.28 |

## Agreement to Assessment and Collection of Trust Fund Recovery Penalty

, address, and social security number of person responsible
David Urban
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
12130 Oak Tree Lane
Lemont, IL 60439-0000

sent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment ; withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was iaid over to the Government by the business named above; and I waive the privilege of filing a claim for abatement after :sment.

| ture of person responsible | Date |
|---|---|
| | |

rm 2751  (Rev 2-93)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

SEP 1 9 2003

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** David A. Urban | **Defendant(s):** United States of America |
| County of Residence: Cook County, IL | County of Residence: |
| Plaintiff's Atty: Alan G. Orlowsky, Patricia L. Deemer A.G. Orlowsky, Ltd. 630 Dundee Rd., Suite 125, Northbrook, IL 60062 847/291-9771 | Defendant's Atty: Thomas Walsh, Civil Division Chief United States Attorney, Northern District of Illinois 219 S. Dearborn, Chicago, IL 60604 312/353-5300 |

**II. Basis of Jurisdiction:**   2. U.S. Gov't Defendant

**JUDGE HOLDERMAN**

**03C 6630**

**MAGISTRATE JUDGE ASHMAN**

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:-N/A
Defendant:-N/A

**IV. Origin :**   1. Original Proceeding

**V. Nature of Suit:**   870 Taxes US Plaintiff or Defendant

**VI.Cause of Action:**   26 U.S.C. Sec. 7742 Tax Refund Suit, Trust Fund Recovery Penalty

**VII. Requested in Complaint**
Class Action:No
Dollar Demand:$11,159.00
Jury Demand:Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: 9/18/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

DOCKETED
SEP 1 9 2003

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

DAVID A. URBAN, Plaintiff
          v.
UNITED STATES OF AMERICA, Defendant

JUDGE HOLDERMAN
Case Number: 03C 6630

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MAGISTRATE JUDGE ASHMAN

David A. Urban, Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Alan G. Orlowsky | NAME Patricia L. Deemer |
| FIRM A.G. Orlowsky, Ltd. | FIRM A.G. Orlowsky, Ltd. |
| STREET ADDRESS 630 Dundee Road, Suite 125 | STREET ADDRESS 630 Dundee Road, Suite 125 |
| CITY/STATE/ZIP Northbrook, IL 60062 | CITY/STATE/ZIP Northbrook, IL 60062 |
| TELEPHONE NUMBER 847/291-9771    FAX NUMBER 847/291-9774 | TELEPHONE NUMBER 847/291-9771    FAX NUMBER 847/291-9774 |
| E-MAIL ADDRESS agoltd@aol.com | E-MAIL ADDRESS pattideemer@yahoo.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 2117347 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6224766 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER    FAX NUMBER | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED-EDS
03 SEP 18 PM 1:47
CLERK
U.S. DISTRICT COURT