# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6630 | **DATE** | 1/11/2005 |
| **CASE TITLE** | David A. Urban vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for leave to file amended complaint [21-1] is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 2 2005 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 45 |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 1/11/2005 date mailed notice | |
| IS | | courtroom deputy's initials | 2005 JAN 11 PM 4:53 | IS |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID A. URBAN, ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 03 C 6630 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge James F. Holderman |
| ) | |
| Defendant, Counterclaimant, and ) | Magistrate Judge |
| Third-Party Plaintiff, ) | Martin C. Ashman |
| ) | |
| ) | |
| ) | |
| SAMY HAMMAD, ) | |
| ) | |
| Additional Counterclaim Defendant ) | |
| and Third-Party Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David A. Urban moves this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to grant him leave to amend his complaint against Defendant United States of America by adding a count for spoliation of evidence. Defendant opposes Plaintiff's motion and argues that the motion is (a) barred by the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 2671-2680, and (b) an evidentiary objection. This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the following reasons that follow, Plaintiff's motion is denied.

## I. Background

Defendant's Internal Revenue Service ("IRS") found Plaintiff to be a willful and responsible officer of All American Corp. and imposed a trust fund recovery penalty against him, pursuant to 26 U.S.C. 6672, for the quarterly tax periods ending September 30, 1991, December 31, 1991, March 31, 1992, December 31, 1992, June 30, 1995, and September 30, 1995. On September 18, 2003, Plaintiff filed a complaint against Defendant seeking a refund of amounts paid to the IRS toward the trust fund recovery penalty. Among other things, the complaint alleges that Plaintiff never signed the "Waiver Extending Statutory Period for Assessment of 100 Percent Penalty" (Form 2750) ("Waiver") upon which the IRS relied in assessing Plaintiff with penalties in excess of $620,000 under 26 U.S.C. 6672 with respect to four calendar quarters in 1991 and 1992. It is Plaintiff's position that, without a valid Waiver, the IRS would have been unable to assess these penalties because the statute of limitations would have run.

IRS Form 2750 is a multi-part carbonless form, consisting of at least two parts. The top page bears the notation "Part 1 - IRS Copy" and is the page that bears the original signatures ("Original Waiver"). The second page bears the notation "Part 2 - Copy for Person Potentially Liable." Plaintiff requested the Original Waiver so that his expert can examine the document and offer testimony as to the authenticity of the signatures contained therein. Defendant claims that it once possessed the Original Waiver but, despite an extensive search, Defendant has been unable to find it. Plaintiff possesses photocopies of Part 2 of the Waiver but claims the quality of the photocopies is very poor, such that neither Plaintiff's nor Defendant's expert can draw any

conclusions regarding whether Plaintiff signed the Waiver. Plaintiff claims that he has never signed nor seen the Original Waiver. (Pl.'s Sur-Reply at 2.)

On April 15, 2004, Defendant filed an Amended Answer and Counterclaim against Plaintiff, alleging that Plaintiff owes the United States in excess of one million dollars for trust fund penalty pertaining to unpaid payroll taxes owed by All American Corp.

Discovery in this proceeding closed on September 30, 2004. On October 7, 2004, Plaintiff filed his motion for leave to amend his complaint on October 7, 2004. As of today, Defendant has yet to produce the Original Waiver.

## II. Discussion

Plaintiff moves this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to grant him leave to amend his complaint. Rule 15(a) requires that where, as here, an answer to the complaint has been filed, Plaintiff may amend his complaint only by leave of the Court or consent of Defendant. Fed. R. Civ. P. 15(a). The Court is instructed to freely grant leave to amend a complaint where justice so requires. Id.; *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). "The liberal policy of allowing amendments to be freely made is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Jack-Goods v. State Farm Mut. Auto. Ins. Co.*, No. 01 C 6536, 2003 WL 21788986, at *2 (N.D. Ill. July 30, 2003) (internal citations omitted). A trial court may deny a motion to amend where there is undue delay, bad faith, dilatory motive by the plaintiff, prejudice to the opposing party, or the amendment is futile. *Dubicz*, 377 F.3d at 792; *Park v. City of Chicago*, 297 F.3d 606, 612-13 (7th Cir. 2002). A party may be permitted to

amend its complaint to assert new claims found only after the close of discovery, so long as the new matters are promptly raised. *Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997); *Johnson v. Ford Motor Co., Inc.*, No. 01 C 8882, 2004 WL 407022, at *4 (N.D. Ill. Jan. 30, 2004). Ultimately, whether an amendment should be granted is left to the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

Plaintiff seeks to add a count for spoliation of evidence against Defendant. The spoliation of evidence claim affords redress for the destruction of evidence and is intended to prevent the loss of evidence relevant to a litigant's claim. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995). In Illinois, an action for negligent spoliation of evidence can be stated under existing negligence law. *Id. See also Johnson*, 2004 WL 407022, at *2-3. A cause of action for negligence requires the existence of a duty owed by Defendant to Plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Boyd*, 652 N.E.2d at 270. Where Plaintiff's damages will not actually occur until after he loses in court, Plaintiff may nonetheless bring his spoliation of evidence claim concurrently with the underlying suit on which it is based. *Id.* at 272.

Plaintiff claims that: (1) Defendant had a duty to preserve the Original Waiver, (if it ever existed), (2) Defendant breached its duty by misplacing the Original Waiver, (3) the absence of the Original Waiver makes it more difficult for Plaintiff to obtain a set-off or refund of its IRS penalties, and (4) Plaintiff is monetarily damaged when he cannot obtain his set-off or refund. Defendant raises a FTCA defense and challenges Plaintiff's ability to bring a tort claim against the United States. (Pl.'s Reply at 8-9.)

### A. The FTCA Does Not Bar Plaintiff's Spoliation of Evidence Claim.

In order for this Court to assert jurisdiction over Defendant United States, the United States must waive its sovereign immunity. *Clark v. United States*, 326 F.3d 911, 912-13 (7th Cir. 2003). The FTCA represents a statutory waiver of sovereign immunity. *Id.* It permits an individual to bring suit in federal court against the United States for the recovery of any internal-revenue tax or penalty alleged to have been erroneously or illegally assessed or collected, 28 U.S.C. § 1346(a)(1), as well as for "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a). Before Plaintiff may bring his tort claim against the United States Government in federal court, the FTCA requires that Plaintiff file an administrative tort claim with the appropriate federal agency. *Id.*; *McNeil v. United States*, 508 U.S. 106 (1993); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Only after the appropriate federal agency rejects Plaintiff's claim has Plaintiff exhausted potential administrative remedies, at which point Plaintiff may proceed against the United States in federal court. 28 U.S.C. § 2675(a); *Palay*, 349 F.3d at 425. Where Plaintiff's claims against the United States are compulsory counterclaims, however, the administrative exhaustion requirement does not apply. 28 U.S.C. § 2675(a); *Northbridge Bank v. Cmty. Eye Care Ctr., Inc.*, 655 F.2d 832, 836 (7th Cir. 1981); *Fed. Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1017 (7th Cir. 1969). This makes sense, as compulsory counterclaims do not require an independent grant of jurisdiction. *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004).

Rule 13(a) of the Federal Rules of Civil Procedure defines compulsory counterclaims as a claim that, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). In the Seventh Circuit, a "logical relationship" test is applied to determine whether a counterclaim arises from the same transaction or occurrence. *Price v. United States*, 42 F.3d 1068, 1073 (7th Cir. 1994). Under the "logical relationship" test, "transaction" and "occurrence" may incorporate a whole series of logically related occurrences, as the words "transaction" and "occurrence" are flexible in meaning and are interpreted liberally in order to carry out the philosophy of Rule 13(a). *Id.* "The purpose behind [Rule 13(a)] is judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *Id.* To determine if disputes ensue from a common factual background, the Court takes a flexible approach and considers the totality of the claims, including the nature of the claims, the law involved, the legal basis for recovery, and the respective factual backgrounds. *Id.*; *Burlington N. R.R. v. Strong*, 907 F.2d 707, 711-12 (7th Cir. 1990).

In this case, the Court treats Plaintiff's spoliation of evidence claim as a compulsory counterclaim. The Court rejects Defendant's argument that Plaintiff's refund action and Plaintiff's tort claim are completely separate issues. Plaintiff claims that he never saw or signed the Original Waiver. (Pl.'s Sur-Reply at 2.) Defendant claims that Plaintiff signed the Original Waiver and relies on the existence of the Original Waiver to impose several penalties on Plaintiff that might otherwise be barred by statute of limitations. (Def.'s Resp. at 2, 4-5.) The text and signatures that appear on the Original Waiver are central to this case. Accordingly, the existence of the Original Waiver, Plaintiff's right to examine the Original Waiver, and any wrongdoing or

negligence that made this piece of evidence unavailable, are logically related and share a common factual background. *See Price*, 42 F.3d at 1073. Thus, the Court finds that it has jurisdiction over Plaintiff's spoliation of evidence claim and that the FTCA does not bar the claim.

Treating Plaintiff's spoliation of evidence claim as a compulsory counterclaim is also the equitable manner in which to proceed. At oral argument, Defendant argued that Plaintiff may not bring a tort claim until his administrative remedies are exhausted. When asked if Defendant would stipulate to Plaintiff's right to bring his tort claim in the event that Plaintiff loses in the case at bar and then exhausts his administrative remedies, Defendant refused. Instead, Defendant reserved the right to raise res judicata arguments if Plaintiff brings his tort claim after the resolution of this case. Thus, today Defendant argues that Plaintiff's tort claim is premature and tomorrow Defendant intends to argue that Plaintiff's tort claim is too late. In a case like this one, where the claims arise out of the same issues and Plaintiff's only clear opportunity to raise his tort claim is in response to Defendant's counterclaim, whether Plaintiff's action is technically an additional count or technically a counterclaim, the result is the same. By bringing its claims against Plaintiff, Defendant has waived its sovereign immunity with regard to the spoliation of evidence claim.

Defendant argues that 28 U.S.C. § 2401(b) also bars Plaintiff's tort claim. 28 U.S.C. § 2401(b) provides that,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). According to Defendant, Plaintiff's claim accrued more than two years ago and is now barred. (Def.'s Sur-Reply at 2.) Defendant further argues that, even if Plaintiff's claim accrued on September 30, 2004, when discovery in this case closed, Plaintiff must still wait six months before bringing this claim, per 28 U.S.C. § 2401(b). (Id.)

The Court rejects both of Defendant's 2401(b) arguments. The Court finds that the discovery rule applies in this case. Under the discovery rule, the relevant statute of limitations is tolled until such time that Plaintiff knows or should know that he has been injured and that his injury may have been caused by wrongful conduct. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630-31 (Ill. 1994); *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981). In this case, Plaintiff did not know and could not know of possible spoliation of evidence by Defendant until discovery closed on September 30, 2004. Accordingly, the two-year statute of limitations set out in 28 U.S.C. § 2401(b) has not run in this case. The Court also rejects the argument that Defendant must now wait six months to file his claim against Defendant. As discussed above, Plaintiff's spoliation of evidence claim is a compulsory counterclaim and Defendant has waived its sovereign immunity. Because the Court has independent jurisdiction over this claim, the traditional formalities of the administrative process do not apply. Just as Plaintiff was not required to file this claim with the appropriate administrative agency, Plaintiff is not required to wait six months before bringing this claim.

Defendant argues that 28 U.S.C. § 2680(c) bars Plaintiff's tort claim. (Def.'s Sur-Reply at 3-4.) 28 U.S.C. § 2680(c) provides that, the FTCA and 28 U.S.C. § 1346(b) shall not apply to any claim arising in respect of the assessment or collection of any tax or customs,

> except that the provisions of this chapter and section 1346(b) of this title apply to
> any claim based on injury or loss of goods, merchandise, or other property, while
> in the possession of any officer of customs or excise or any other law enforcement
> officer if –
>
>> (1) the property was seized for the purpose of forfeiture under
>> any provision of Federal Law providing for the forfeiture of
>> property other than as a sentence imposed upon conviction of a
>> criminal offense;
>>
>> (2) the interest of the claimant was not forfeited;
>>
>> (3) the interest of the claimant was not remitted or mitigated (if
>> the property was subject to forfeiture); and
>>
>> (4) the claimant was not convicted of a crime for which the
>> interest of the claimant in the property was subject to forfeiture
>> under a Federal criminal forfeiture law.

28 U.S.C. 2680(c). Defendant urges the Court to take an expansive approach to this exemption and bar Plaintiff's spoliation of evidence tort claim because the claim relates to tax assessment and collection and does not meet one of the four exceptions set out in the statute. (Def.'s Sur-Reply at 3-4.) The Seventh Circuit has not yet explicitly addressed the scope of 28 U.S.C. § 2680's tax-related exemption. *Clark*, 326 F.3d at 913. Other circuits have interpreted 28 U.S.C. § 2680(c) to cover claims arising out of the operation of the government's mechanism for assessing and collecting taxes. *Id.* (citing *Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995)). These holdings, however, do not bar Plaintiff's claim. As discussed above, the Court considers Plaintiff's spoliation of evidence claim to be a compulsory counterclaim over which this Court has jurisdiction irrespective of the FTCA. The Court continues to find that Defendant has waived its sovereign immunity with regard to Plaintiff's spoliation of evidence claim, so the Court does not apply 28 U.S.C. § 2680(c) to Plaintiff's claim.

### B. Plaintiff's Amendment is Improper.

The Court finds that it would be improper to permit Plaintiff to amend his complaint by adding his spoliation of evidence claim against Defendant because Plaintiff is not seeking any additional relief by way of his tort claim, nor can Plaintiff show that Defendant had a duty to preserve the Original Waiver.

#### 1. <u>Defendant does not have a duty to preserve its own evidence.</u>

Plaintiff argues that Defendant has negligently or intentionally committed the tort of spoliation of evidence. Plaintiff alleges that (1) Defendant had a duty to preserve the Original Waiver, (2) Defendant breached its duty by misplacing the Original Waiver, (3) the absence of the Original Waiver makes it more difficult for Plaintiff to obtain a set-off or refund of its IRS penalties, and (4) Plaintiff is monetarily damaged when he cannot obtain his set-off or refund. (Pl.'s Reply at 8-9.)

In general, there is no duty to preserve evidence, but such a duty may arise through a statute, contract, agreement, or other special circumstances. *Boyd*, 652 N.E.2d at 270-71; *Denton v. N.E. Illinois Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2004 WL 1005790, at *2 (N.D. Ill. April 26, 2004). Wherever such a duty exists, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action. *Boyd*, 652 N.E.2d at 271. Plaintiff argues that the Original Waiver exists for the sole purpose of extending the statute of limitations, so it is necessarily evidence material to potential civil litigation. (Pl.'s Reply at 8.) In other words, "[t]he sole purpose for the waiver is in contemplation of litigation." (Id.) Plaintiff concludes that

- 10 -

a reasonable person in Defendant's position should have foreseen that the evidence was material to a potential civil action, so Defendant had a duty to preserve that evidence. (Id.)

Even if the Original Waiver exists for the sole purpose of litigation, the Court is not convinced that Defendant owes Plaintiff a duty of due care to preserve the evidence. In this case, it is Defendant's burden to show that the relevant statute of limitations was waived, not Plaintiff's burden. As Plaintiff argues in his reply brief:

> It is important to note that "the burden of proving that an extension of time was agreed to validly is on the United States, which must establish that the agreement which it . . . relies upon was valid and effected the extension of time." [*United States v. Grabscheid*, No. 81 C 7174, 1982 WL 1624, at *2 (N.D. Ill April 16, 1982)]. The IRS bears the risk of any defect in the documents upon which it relies as a waiver of the statute of limitations. *Id.*

(Pl.'s Reply at 10.) If Defendant failed to preserve the Original Waiver, Defendant's opportunity to prevail at trial decreases substantially. As the Original Waiver is Defendant's evidence in this case, the Court finds that, to the extent Defendant owes a duty of due care to preserve evidence, it is to the citizens of the United States generally, not to Plaintiff specifically.

Plaintiff has not presented any cases to the contrary. Plaintiff cites to *United States v. Hodgekins* and argues that the IRS has an obligation to be careful. 28 F.3d 610, 614 (7th Cir. 1994). In *Hodgekins*, the Seventh Circuit refused to allow the IRS to correct a mistake it made on an IRS form and stated that it would not subject someone to litigation and a possible steep tax penalty based on a word the IRS meant to use. *Id.* This Court agrees that the IRS has a responsibility to be careful. When the IRS is not careful it undermines its own ability to assess and collect taxes and performs a disservice to the public. Lack of care by the IRS does not,

however, constitute a breach of duty owed to the individual taxpayer who benefits from the IRS's mistake.

### 2. Defendant's spoliation of evidence claim serves no purpose and will confuse the jury.

Even if Plaintiff can establish all of the elements necessary for bringing a spoliation of evidence claim, the claim serves no purpose. Plaintiff admitted at oral argument that his spoliation of evidence claim is a back-up claim that seeks no additional relief. Plaintiff already seeks a refund of amounts paid to the IRS. Plaintiff argues that he is entitled to this relief because certain penalties were levied against him after the statue of limitations had run even though he did not waive the statute of limitations by signing the Original Waiver. If, based on the circumstantial evidence now available to Plaintiff and Defendant, a jury finds that Plaintiff did not sign the Original Waiver, Plaintiff will obtain all the relief he seeks, i.e., the refund of amounts paid to the IRS. Having obtained that refund, Plaintiff's spoliation of evidence claim will cease to exist, as Plaintiff stated at oral argument that he would seek a set-off as relief for his spoliation of evidence claim. On the other hand, if a jury rules against Plaintiff and finds that he is liable for the full penalty it means that the circumstantial evidence presented by Defendant persuaded the jury that Plaintiff did in fact sign the Original Waiver. Such a decision would seemingly require the jury to find that Plaintiff has not carried his burden with respect to spoliation of evidence.

Where Defendant already has the burden of showing why a statute of limitations does not apply, the Court fails to see what Plaintiff gains by shifting the burden of proof to himself with a

spoliation of evidence claim. Either way, the issue is already before the jury. If a spoliation count is added to this case, however, the conflicting burdens of proof will, of a certainty, confuse the jury.

### III. Conclusion

For the reasons stated above, the Court finds that Plaintiff's proposed spoliation of evidence claim prejudices Defendant and is futile. Accordingly, the Court denies Plaintiff's motion and refuses to grant Plaintiff leave to amend his complaint.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: January 11, 2005.

Copies have been mailed to:

| | |
|---|---|
| ALAN G. ORLOWSKY, Esq.<br>PATRICIA L. DEEMER, Esq.<br>A.G. Orlowsky, Ltd.<br>630 Dundee Road<br>Suite 125<br>Northbrook, IL 60062<br><br>CHRISTOPHER M. GOODSNYDER, Esq.<br>Perl & Goodsnyder, Ltd.<br>14 North Peoria Street<br>Suite 2C<br>Chicago, IL 60607<br><br>Attorneys for David A. Urban | BARTHOLOMEW CIRENZA, Esq.<br>CTS, Northern Region<br>Tax Division<br>United States Department of Justice<br>P.O. Box 55<br>Ben Franklin Station<br>Washington, D.C. 20044<br><br>Attorney for United States of America<br><br>IGNACIO D. MARAMBA, Esq.<br>ARIEL WEISSBERG, Esq.<br>401 South LaSalle Street<br>Suite 403<br>Chicago, IL 60605<br><br>Attorneys for Samy Hammad |