# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. URBAN, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 6630 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendant, Counterclaimant, | ) | |
| and Third-Party Plaintiff, | ) | |
| | ) | |
| SAMY HAMMAD, | ) | |
| | ) | |
| Additional Counterclaim | ) | |
| Defendant and Third-Party | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David A. Urban, moves this Court to bar Defendant, United States of America, from introducing into evidence any copies of Part One or Part Two of an IRS Form 2750 purportedly signed by Plaintiff, any secondary evidence pertaining to that form, and the original IRS Form 2750, should it be found. Defendant opposes Plaintiff's motion, contending that a facsimile copy of Part Two of the original IRS Form 2750, as well as other secondary evidence, is admissible pursuant to Rule 1004 of the Federal Rules of Evidence, and that the facsimile copy is also admissible as a duplicate of the original pursuant to Rule 1003 of the Federal Rules of Evidence. For the reasons that follow, Plaintiff's motion is denied.

## I. Background

Defendant's Internal Revenue Service ("IRS") found Plaintiff to be a willful and responsible officer of All American Corporation and imposed a trust fund recovery penalty against him, pursuant to 26 U.S.C. § 6672, for the quarterly tax periods ending September 30, 1991, December 31, 1991, March 31, 1992, December 31, 1992, June 30, 1995 and September 30, 1995. On September 18, 2003, Plaintiff filed a complaint against Defendant seeking a refund of amounts paid to the IRS toward the trust fund recovery penalty. Among other things, the complaint alleges that Plaintiff never signed the IRS Form 2750 "Waiver Extending Statutory Period for Assessment of 100 Percent Penalty," upon which the IRS relied in assessing Plaintiff penalties with respect to four calendar quarters in 1991 and 1992. It is Plaintiff's position that, without a valid waiver, the IRS would have been unable to assess these penalties because the statute of limitations would have run. On April 15, 2004, Defendant filed an amended answer and counterclaim against Plaintiff, alleging that Plaintiff owes the United States in excess of one million dollars for a trust fund penalty pertaining to unpaid payroll taxes owed by All American Corporation. In the absence of a valid waiver, a significant portion of Defendant's counterclaim would be barred by the statute of limitations.

IRS Form 2750 is a multi-part form consisting of four pages. The top page bears the notation "Part 1 - IRS Copy" and is the page that bears the taxpayer's original signature ("Original Waiver"). The second page bears the notation "Part 2 - Copy for Person Potentially Liable" ("Part Two"). The third and fourth pages are instructions. The IRS Form 2750 is constructed so that when the top page is signed a carbon copy of the signature is transferred to the second page. Upon receipt of an IRS Form 2750, it is ordinary IRS practice to retain the Original Waiver and

mail Part Two of the waiver back to the taxpayer. In this case, despite a thorough search, the IRS cannot locate or produce an Original Waiver purportedly signed by Plaintiff. The IRS does, however, possess a facsimile copy of Part Two of the waiver that purportedly contains Plaintiff's signature. The facsimile was obtained from the Von Mandel Law Firm in 1999, which represented Counterclaim Defendant and Third-Party Defendant, Samy Hammad, at the time. The quality of this facsimile copy of Part Two is such that neither Plaintiff's nor Defendant's expert can draw conclusions as to the authenticity of Plaintiff's signature. Plaintiff denies ever possessing or signing the IRS Form 2750 in question.

## II. Discussion

Plaintiff moves this Court to bar Defendant from introducing the facsimile copy of Part Two of the waiver and any other secondary evidence pertaining to the existence or authenticity of the purported Original Waiver. Plaintiff asserts that Defendant's secondary evidence pertaining to the Original Waiver is inadmissable because it does not meet the requirements of Federal Rule of Evidence 1003 or 1004, because the existence and authenticity of the Original Waiver are disputed, and because Plaintiff would be prejudiced if the facsimile copy of Part Two of the waiver was admitted into evidence.

### A. Existence of the Waiver

Plaintiff contends that there is no evidence that the Original Waiver ever existed or that the IRS ever possessed it so the IRS cannot claim that the facsimile copy of Part Two is a duplicate for purposes of Federal Rule of Evidence 1003 nor lost for purposes of Federal Rule of

Evidence 1004. Plaintiff's contention is not supported by the record. At oral argument, Plaintiff and Defendant agreed to the following facts: (1) Mr. Samy Hammad, Plaintiff's business associate at the time Plaintiff allegedly signed the waiver, has stated in a deposition and is expected to testify at trial that he gave the IRS Form 2750 waiver to Plaintiff to sign and instructed his secretary to collect and mail to the IRS Plaintiff's signed waiver along with waivers signed by Hammad and three other associates; (2) Mr. Hammad's secretary is expected to testify that, although she has no specific recollection of collecting and mailing the waivers, in the ordinary course of business she would have collected and mailed them when instructed to do so by Mr. Hammad; and (3) the IRS received, possesses and may produce at trial signed original waivers from Mr. Hammad and the three other associates. This evidence, combined with the facsimile copy of Part Two, convinces the Court that sufficient circumstantial evidence was produced in the course of discovery to make the existence of a signed authentic waiver and the IRS's receipt of that waiver a question of fact for a jury.[1]

### B. Plaintiff's Federal Rules of Evidence 1003 and 1004 Arguments

Plaintiff's second argument focuses on Rule 1004 of the Federal Rules of Evidence. Plaintiff argues that Defendant should be precluded from introducing secondary evidence regarding the Original Waiver because Defendant has not shown that the Original Waiver is lost. This argument fails. The Federal Rules of Evidence clearly demonstrate a preference for original documents. *See* Fed. R. Evid. 1002. However, the Rules provide for the admissibility of

---

[1] In making this ruling, the Court assumes that the facts agreed to at oral argument will actually be presented at trial.

duplicates and secondary evidence provided that certain conditions are met. Federal Rule of Evidence 1004 controls the admissibility of secondary evidence of a document and provides in relevant part that "[t]he original is not required, and other evidence of the contents of a writing . . . is admissible if . . . all originals are lost or have been destroyed."

Unless someone can testify that they destroyed a specific document, proof that a document is lost or destroyed will ordinarily take the form of circumstantial evidence. Evidence that a document was searched for diligently and not located is an accepted means of establishing that a document is lost. *United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992). The record shows that the IRS made a diligent attempt to locate the Original Waiver. (Def.'s Br. at Ex. A.) Specifically, Mr. Rodney Joseph's deposition, which includes descriptions of searches in the IRS's paper filing system as well as multiple electronic searches, is sufficient to show that the Original Waiver is lost. Additional evidence includes a search by IRS Revenue Officer Ardella McKinzie referenced in Defendant's brief and previously described to this Court. (Def.'s Br. at 4.) In short, the evidence of the IRS search is satisfactory to show that the Original Waiver, if the IRS ever possessed it, is now lost. *Compare to Sylvania Elec. Prods., Inc. v. Flanagan*, 352 F.2d 1005, 1008 (1st Cir. 1965) (little evidence of a search and no evidence as to the extent of the search is insufficient); *Walters v. PDI Mgmt. Servs.*, No. 1:02-CV-01100-JDT-TAB, 2004 WL 2137513, at *4 (S.D. Ind. June 14, 2004) (bare assertion that original document was lost is insufficient). Furthermore, the IRS's ongoing efforts to find the missing Original Waiver do not mean that the Original Waiver is not lost.

Continuing with its Rule 1004 arguments, Plaintiff urges the Court to use its discretion to bar Defendant's secondary evidence, including the facsimile copy of Part Two of the waiver,

because the authenticity and even the existence of the Original Waiver are disputed. In making this argument, Plaintiff relies on *United States v. Gerhart*, 538 F.2d 807 (8th Cir. 1976). In *Gerhart*, the Eighth Circuit Court of Appeals stated that, under the Federal Rules of Evidence, the court retains the authority to decide "preliminary questions such as authenticity, lack of an original and whether the proponent has presented a sufficient foundation so that a 'reasonable juror could be convinced' that the secondary evidence correctly reflects the contents of the original." *Id.* at 809.

Plaintiff's reliance on *Gerhart* is misplaced. First, the Court has already determined that there is sufficient evidence in the record pertaining to the Original Waiver to make its existence and authenticity a question for a jury. Implicit in this finding is the Court's determination that Defendant has presented a "sufficient foundation so that a 'reasonable juror could be convinced'" that the Original Waiver exists and was signed by Plaintiff. Second, the salient point of *Gerhart* is the Eighth Circuit's refusal to require the proponent of secondary evidence to make a "clear and convincing" showing that the secondary evidence is accurate and trustworthy in order for it to be admissible. *Id.* Instead, the Eighth Circuit held that the appellant's attacks on the sufficiency of the evidence and the credibility of the government's witnesses were relevant to the weight, rather than the admissibility, of the secondary evidence. *Id.* This Court agrees with the ruling in *Gerhart*, as *Gerhart's* approach is consistent with the express provisions of Federal Rule of Evidence 1004, which contain no requirement that the proponent of evidence prove the trustworthiness of secondary evidence. Rule 1004's only requirement is that the proponent of secondary evidence show that the original is lost, and Defendant has satisfied this requirement.

Plaintiff next argues that admitting Defendant's facsimile copy of Part Two of the waiver would be prejudicial to Plaintiff because the poor quality of the copy does not allow for expert testimony on the authenticity of Plaintiff's purported signature. In support of this argument, Plaintiff submits the report of his own handwriting expert, as well as that of Defendant's expert, both to the effect that no conclusion as to the authenticity of Plaintiff's signature can be reached based on the available evidence. (Pl.'s Addendum at 13-14, 26-29.)

Plaintiff's prejudice argument is unavailing. The Court has previously stated that the burden of proving a valid waiver of the statute of limitations is on Defendant. *Urban v. United States*, No. 03 C 6630, 2005 WL 78954, at *6 (N.D. Ill. Jan. 12, 2005). Consequently, it is Defendant who must convince a jury that the signature on the disputed document belongs to Plaintiff. Under these circumstances, when neither party's expert can testify with certainty to the authenticity of the signature, the poor quality of the facsimile copy of Part Two of the waiver creates greater challenges for Defendant than for Plaintiff. Thus, the Court finds that it is not unfair nor prejudicial to Plaintiff to admit the facsimile copy of Part Two into evidence, as the existence of a valid waiver is a question of fact for a jury as to which Defendant bears the burden of proof.

Finally, Plaintiff contends that, regardless of whether the Original Waiver ever existed, under Federal Rules of Evidence 1003, the facsimile copy of Part Two cannot be admitted as a duplicate of the original because the authenticity of the Original Waiver is disputed and because admitting the facsimile copy as evidence would be unfair to Plaintiff. Rule 1003 provides that a duplicate is "admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the

duplicate in lieu of the original." Plaintiff contends that, because the authenticity of the original is necessarily called into question by Plaintiff's denial that he ever saw or signed such a document, the facsimile copy of Part Two is inadmissible to the extent that Defendant purports that it is a duplicate of the Original Waiver.

The Court has already decided that the facsimile copy of Part Two is admissible under Federal Rule of Evidence 1004 and that questions about the existence and authenticity of the Original Waiver will be determined by the jury. Consequently the jury, not the Court, will determine the weight given to Defendant's evidence. Therefore, as discussed above, Plaintiff's authenticity objections will not bar the facsimile copy of Part Two from being introduced as evidence of the Original Waiver. Furthermore, as discussed above, the Court does not find that admitting the facsimile copy would be "unfair" for the purposes of Federal Rule of Evidence 1003. The evidence is already admissible under Federal Rule of Evidence 1004 and the jury will determine how much weight the evidence deserves. It follows that Plaintiff's argument that the facsimile copy of Part Two is inadmissible under Federal Rule of Evidence 1003 fails.

Because the Court is not persuaded by Plaintiff's arguments, the Court rules that the facsimile copy of Part Two is admissible as secondary evidence of the Original Waiver under Federal Rules of Evidence 1003 and 1004, as is Defendant's other secondary evidence showing the existence of the Original Waiver that has been presented to the Court thus far.

### C. Plaintiff's Additional Arguments

Plaintiff also moves the Court to bar Defendant from introducing the Original Waiver into evidence in the event that it is located. Any ruling as to the admissibility of the Original Waiver would be entirely speculative at this time, as there is nothing to suggest that Defendant has located it and intends to introduce it at trial. Consequently, at this time, the Court declines to rule on the admissibility of the Original Waiver should it be found.

In addition, Plaintiff's reply brief challenges the admissibility of other secondary evidence which was not referred to in Plaintiff's motion or memorandum in support of the motion. Specifically, Plaintiff seeks to bar (1) testimony of IRS employee Marilyn Ganser and (2) any IRS computer files that suggest receipt of the Original Waiver. Defendant has had no opportunity to argue these points. The Court does not rule on the admissibility of this evidence at this time because Defendant has not indicated that it intends to introduce such evidence at trial and these issues were not raised in Plaintiff's motion. In short, these issues are not properly before the Court and any ruling at this time would be based on pure speculation.

### III. Conclusion

For the reasons stated above, Plaintiff's motion is denied.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: June 9, 2005.

Copies have been mailed to:

| | |
|---|---|
| ALAN G. ORLOWSKY, Esq.<br>PATRICIA I. DEEMER, Esq.<br>A. G. Orlowsky, Ltd.<br>630 Dundee Road<br>Suite 125<br>Northbrook, IL  60062 | ELIZABETH LAN DAVIS, Esq.<br>WENDY KISCH, Esq.<br>Tax Division<br>United States Department of Justice<br>Post Office Box 55<br>Washington, D.C.  20044 |
| CHRISTOPHER M. GOODSNYDER, Esq.<br>Perl & Goodsnyder, Ltd.<br>14 North Peoria<br>Suite 2C<br>Chicago, IL  60607<br><br>Attorneys for David A. Urban | Attorneys for United States of America<br><br>IGNACIO D. MARAMBA, Esq.<br>ARIEL WEISSBERG, Esq.<br>401 South LaSalle Street<br>Suite 403<br>Chicago, IL  60605<br><br>Attorneys for Samy Hammad |